[No. 34989. Department Two. December 24, 1959.]

THE STATE OF WASHINGTON, *Respondent*, v. GLEN McCASKEY, *Defendant*, LEO CLAY McGRAW, JR., *Appellant*.[1]

[1]Reported in 347 P. (2d) 895.

*Henry Opendack*, for appellant.

*Charles O. Carroll* and *Hugh R. McGough*, for respondent.

FOSTER, J.—Appellant McGraw and Glen McCaskey were jointly charged with the crime of taking a motor vehicle without the owner's permission. McGraw alone appeals from a judgment and sentence on a verdict of guilty of the crime charged.

The statute provides that the crime may be committed by either driving the car away without the owner's permission or riding in it knowing it to be unlawfully taken. The information charged that it was driven away without mention of the other method. There was conflicting evidence as to which of the codefendants drove the car. The record recites:

". . . A co-defendant, Glen McCaskey, who had previously pleaded guilty to an identical charge of auto theft, was driving the automobile at the time and an unidentified second party was in the back seat. . . ."

However, McGraw's confession, which was admitted in evidence, supports the view that he drove the car.

The text of the statute is as follows:

"Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of a felony." RCW 9.54.020.

■ The court instructed that the crime might be committed in either way.[2] The appellant assigns error upon the giving of that instruction and the additional instruction that one voluntarily riding in a car with guilty knowledge is guilty of the crime denounced in RCW 9.54.020. Under the challenged instructions, the jury could and, we must assume for the purpose of this appeal, did convict appellant on the sole finding that he rode in the car with guilty knowledge. The conviction must be tested under that assumption.

■ It would have been perfectly proper to charge the commission of the crime in the alternative or by both means and a conviction would be sustained by proof of either method. *State v. Morse*, 38 Wn. (2d) 927, 234 P. (2d) 478.

Appellant's argument is that under the tenth amendment to the Washington constitution, which provides:

"In criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him, to have a copy thereof . . ."

he cannot be convicted of the offense except in the manner charged, that is, by driving the vehicle.

---

[2]The full text of the court's instruction is:

"To convict the defendant of the offense charged in the information herein, the state must prove to you beyond a reasonable doubt:

"(1A) That on or about the 20th day of April, 1958, the defendant Leo Clay McGraw, Jr., willfully and unlawfully did take and drive away one motor vehicle, to-wit: a 1950 Chevrolet sedan, the property of one Wilden H. Oliver;

"OR

"(1B) That on or about the 20th day of April, 1958, the defendant, Leo Clay McGraw, Jr., willfully and unlawfully voluntarily did ride in one motor vehicle, to-wit: a 1950 Chevrolet Sedan, the property of one Wilden H. Oliver, with knowledge of the fact that said motor vehicle was unlawfully taken;

"(2) That said motor vehicle was taken without the permission of the owner thereof and/or the person entitled to the possession thereof;

"(3) That such act occurred in King County, Washington.

"If you find from all the evidence admitted in this case that the state has proved beyond a reasonable doubt either elements (1A) or (1B) and (2) and (3) of the crime charged in the information, then it will be your duty to return a verdict of guilty of Taking Motor Vehicle Without Permission of Owner, as charged in the information herein."

Appellant relies upon *State v. Olds*, 39 Wn. (2d) 258, 235 P. (2d) 165; and *State v. Severns*, 13 Wn. (2d) 542, 125 P. (2d) 659. There are many cases, some of which are collected in the margin,[3] holding that, if an offense is charged to have been committed in one way, a conviction cannot be sustained if the proofs show only a violation of the statute in some other manner.

But this argument completely overlooks the statute making all participants principals in the commission of any crime. The statute is as follows:

"Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him." RCW 9.01.030.

 Certain it is, however, that, if the appellant alone had been charged with the crime of taking the motor vehicle without the owner's permission by driving it away, he could not be convicted by proof that he rode in the vehicle knowing it to be stolen. But here he was charged jointly with McCaskey who pleaded guilty. The testimony, that appellant willfully rode in the stolen car with guilty knowledge, by operation of RCW 9.54.020 brought appellant within the the scope of RCW 9.01.030. The language of the former statute, by providing that a culpable rider is equally guilty with the driver, declares that the act described shall be deemed in law the equivalent of aiding, abetting, counseling, or encouraging the principal act. RCW 9.54.020 denotes

---

[3]*Long v. State* (Fla.), 92 So. (2d) 259; *State v. Haesemeyer*, 248 Iowa 154, 79 N. W. (2d) 755; *Fuller v. State*, 120 Tex. Crim. App. 66, 48 S. W. (2d) 303; *State v. Beckendorf*, 79 Utah 360, 10 P. (2d) 1073.

as "aiding and abetting" in law that which would independently have been strong evidence of such participation. Therefore, appellant's riding in the stolen car with guilty knowledge, by reason of the statute making him equally guilty with the driver, constituted him an aider and abettor of the principal act of the codefendant. RCW 9.01.030 makes such principal act the act of the aider and abettor. Both are principals and chargeable as such.

 Where two defendants are charged jointly as principals and there is proof that one acted as aider and abettor, by reason of the statute (RCW 9.01.030), the proof will sustain the charge and conviction of both as principals. The joint information is fair notice to the appellant under the quoted statute that the act of the codefendant is the act of the appellant.

The applicable rule of law was stated by the supreme court of Kentucky in *Neal v. Commonwealth* (Ky.), 302 S. W. (2d) 573, 578:

"It is quite true that when only one person has been indicted for a felony he cannot be convicted of aiding and abetting. *Hollin v. Commonwealth*, 158 Ky. 427, 165 S. W. 407, L. R. A. 1915E, 608 and *Bailey v. Commonwealth*, 295 Ky. 441, 174 S. W. 2d 719. But where two or more defendants are jointly indicted as principals, anyone of them, although tried separately, may be convicted of aiding and abetting. *Hogan v. Commonwealth*, 230 Ky. 680, 20 S. W. 2d 710; *Handy v. Commonwealth*, 240 Ky. 432, 42 S. W. 2d 532 and *Alder v. Commonwealth*, 277 Ky. 136, 125 S. W. 2d 986. The reason for the distinction is set forth at length in *Mulligan v. Commonwealth*, 84 Ky. 229, 1 S. W. 417, and is in essence that the object of the indictment is to make known to the accused the crime he is charged with. To indict both the principal and the aider and abettor as principals gives notice that the Commonwealth can or will attempt to prove that one did the act and the other aided and abetted. On the other hand an indictment of only one person as the sole perpetrator of a crime gives no notice of the possible charge of aider and abettor.

"Here there was a joint indictment, giving notice of the possibility of the charge of aiding and abetting. . . ."[4]

Our cases are in accord. *State v. Olson*, 50 Wn. (2d) 640, 314 P. (2d) 465.

The judgment is affirmed.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.

[4]Accord: 4 Wharton's Criminal Law and Procedure 611, 612, § 1790, wherein it is stated:

". . . A statute providing that 'whoever aids, abets, or procures another to commit an offense may be prosecuted and punished as if he were the principal offender' obviates the necessity of specifically charging such person as an aider and abettor, and permits the prosecution of a principal or an aider, or both, under the same or a like indictment."