[No. 37248. Department Two. September 24, 1964.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY PAUL SCOTT, *Appellant*.*

*Comfort, Dolack & Hansler* (*Patrick C. Comfort*, of counsel), for appellant.

*John G. McCutcheon* and *James M. Healy, Jr.*, for respondent.

FINLEY, J.—The sole issue on this appeal concerns the sufficiency of the information under which the defendant was charged and convicted of the crime of unlawfully tak-

*Reported in 395 P. (2d) 377.

ing an automobile without the owner's permission. In pertinent part, the information read as follows:

"That the said Jerry Paul Scott . . . did . . . wilfully take and drive away that certain 1950 Oldsmobile two-door sedan . . . *or* that said defendant did voluntarily ride in or upon said automobile with knowledge of the fact that the same was unlawfully taken . . . ." (Italics ours.)

■ The defendant objects to the use of the word "or" in the charge, contending that the information, which as a matter of fact was phrased substantially in the language of the statute RCW 9.54.020, improperly charged two crimes in the alternative in one count. In other words, it is contended that the charge of taking and driving *or* riding amounted to a charge of crimes "a" or "b." This contention, however, overlooks the fact that the defendant was not charged with alternative crimes, but with the *single* crime of taking an automobile without permission, which could be committed either by actually taking the automobile *or* by riding in it, knowing it to have been unlawfully taken. Using counsel's terms, the defendant was not charged with crime "a" or crime "b," but with doing acts "a" or "b," either of which constituted a crime.

Where, by statute, several acts can constitute a single crime, it is permissible and proper to charge one crime in one count and the commission of the crime by alternative acts. *State v. Morse* (1951), 38 Wn. (2d) 927, 234 P. (2d) 478. This court has consistently permitted informations under the automobile larceny statute to charge the single crime by means of alternative acts. See *State v. McCaskey* (1959), 55 Wn. (2d) 329, 347 P. (2d) 895.

■ Defendant further contends that the information, as worded, failed to provide him with a concise and understandable statement of the charges against him. But the charge of a single crime by alternative acts was clearly spelled out, and any defense available to the defendant could have been asserted and would have applied as to either act. We do not think any confusion could have arisen in relation to the mutually exclusive acts. Under

the "common understanding" rule, the information in the instant case provided a sufficient statement of the charge. *State v. Ternan* (1949), 32 Wn. (2d) 584, 203 P. (2d) 342.

■ Defendant finally suggests that the information is so worded that a conviction or acquittal under it would be ineffective as a bar to a later prosecution upon one of the alternatives, as it would be uncertain which acts had been the subject of the prior prosecution. This, however, overlooks the fact that only a single crime was charged, of which the defendant is to be either convicted or acquitted. If acts are charged in the disjunctive, a conviction can be sustained by proof of either modus operandi. *State v. McCaskey, supra.* Either act would constitute the crime charged, and the defendant would be under no risk of future prosecution for that crime, no matter how many different ways that crime could have been committed. If the defendant had been acquitted, it would indicate that he was found to have neither taken the car nor to have ridden in it knowing it to have been taken. The acquittal would exclude the possibility of the state re-asserting commission of the crime by either of the acts. No risk of double jeopardy was created by the form of the information in the instant case.

The assignments of error are without merit, and the conviction is affirmed.

OTT, C. J., DONWORTH and HAMILTON, JJ., and CUSHING, J. Pro Tem., concur.