[No. 42742. En Banc. February 28, 1974.]

THE STATE OF WASHINGTON, *Petitioner*, v. WALTER NEWTON STEPHENS, *Respondent*.

*Robert E. Schillberg, Prosecuting Attorney, Donald J. Hale* and *David G. Metcalf, Deputies,* for petitioner.

*Herb & Hedges* and *Michael W. Herb,* for respondent (appointed counsel for appeal).

HUNTER, J.—The defendant (respondent) in this case, Walter Newton Stephens, appealed to the Court of Appeals from a judgment entered upon a jury verdict finding him guilty of two counts of armed robbery, and from a judgment entered in supplemental proceedings wherein the trial court found the defendant to be an "habitual criminal." The Court of Appeals, in *State v. Stephens,* 7 Wn. App. 569, 500 P.2d 1262 (1972), reversed the trial court on the convictions of armed robbery and granted the defendant a new trial. It further reversed the trial court's finding that the defendant was an "habitual criminal."

The plaintiff (petitioner), State of Washington, petitioned this court for a review of the Court of Appeals' decision, which we granted, and which we now review.

The defendant was charged in the Superior Court for Snohomish County with three counts of armed robbery, alleged to have been committed in Snohomish County on December 23, 25 and 27, 1970. A codefendant, Gerald Beadle, was charged with two of the three counts. At the trial on April 28, 1971, the defendant took the stand in his own behalf and, in effect, admitted committing the robberies occurring on December 23 and 27, 1970. Witnesses also identified the defendant as the person who committed the offenses.

At the trial defendant's counsel introduced as a defense, evidence of the defendant's drinking intoxicating liquor prior to the time of the robberies, apparently under the theory that the defendant was so intoxicated that he was incapable of forming the requisite intent to commit the respective crimes. During the course of the trial the court made the following comment, to which the defendant excepted:

Well, of course, counsel well knows what the legal

defense is as far as alcoholism is concerned, and I don't think it's in this case at all.

At the conclusion of the evidence, however, the defendant failed to propose an instruction on intoxication and took no exception to the refusal of the court to give an instruction on intoxication which had initially been submitted by the state. The jury found the defendant guilty of the robberies committed on December 23 and 27, 1970, and acquitted the defendant for the robbery committed on December 25, 1970. The jury also acquitted the codefendant Beadle on both counts with which he was charged.

Subsequently, proceedings were held on August 4, 1971, before the court sitting without a jury on an allegation of the defendant's status as an "habitual criminal" under RCW 9.92.090.

The state submitted, and the court admitted, court records and certified penitentiary records concerning a prior felony conviction by the defendant in King County. The state also submitted court records and nonjudicial records of a burglary conviction by the defendant in the state of Maine. These latter records were identified by a witness, Harlan Sylvester, who testified without any corroboration that he was the assistant classification and rehabilitation officer in the Maine state prison, whose duties included keeping inmate records. He identified the fingerprint card and photograph as originals and testified that the rest of the exhibit consisted of accurate copies of original documents which he had in his possession. The trial court admitted the records since they were sufficiently identified at trial by testimony of their actual custodian. The trial court thereupon found that the defendant had been convicted of three felonies, held the defendant to be an "habitual criminal," and sentenced the defendant to life imprisonment.

The Court of Appeals reversed the trial court as to the defendant's robbery convictions on the grounds that the comment of the court as above recited constituted a comment on the evidence prejudicial to the defendant. The

state contends this constituted error. The Court of Appeals' reasoning was basically as follows: ·

> The jury could have inferred that the court felt that defendant's testimony concerning intoxication was untrue hence undermining his general credibility or that defendant was an alcoholic. Further, the comment is such that the jury could have construed it either as indicating that defendant did not have the defense of intoxication to the extent of incapability to form intent or that defendant was afflicted with alcoholism. Under any construction, it implanted the personal opinion and reactions of the trial judge in the minds of the jurors. The state constitution forbids this.

*State v. Stephens,* 7 Wn. App. 569, 574, 500 P.2d 1262 (1972).

 In testing this reasoning we are mindful of our statement in *State v. Bogner,* 62 Wn.2d 247, 254, 382 P.2d 254 (1963), wherein the trial court had commented on the evidence:

> . Reversible error has been committed unless it affirmatively appears from the record that appellant could not have been prejudiced by the trial judge's comments. ·

The record in this case shows affirmatively that the issue of intoxication was not before the jury. The following colloquy ensued between the trial court and counsel: .

> MR. METCALF [deputy prosecuting attorney]: The intoxication instruction, Your Honor, is No. 28. THE COURT: Well, I don't know as—does anybody want the instruction in? MR. HERB [defense counsel]: I would like to have it in. THE COURT: I don't think there is any evidence to justify my giving that instruction. If you want to take an exception to my failure to give it, you can.

No exception was thereafter taken. The comment of the court in regard to intoxication was therefore immaterial.

The defendant contends, however, that by reason of the court's rulings and comments he was limited in his introduction of evidence on the issue of intoxication, the inference being that there would have otherwise been sufficient evidence to support the giving of an intoxication instruc-

tion. We have examined the record and find it does not support this contention.

We further disagree with the Court of Appeals' reasoning that the jury could have inferred from the court's comment that the defendant was an alcoholic. We believe this reasoning to be inconsistent with the comment itself, wherein the court stated: ". . . as far as alcoholism is concerned and I don't think it's in this case at all." *State v. Stephens, supra* at 573.

The record further shows on its face that the credibility of the defendant was not affected by the court's comment, as it is inherent in the jury verdict that the jury believed the defendant. Upon taking the stand, the defendant in effect admitted he had committed the robberies in two of the three robbery counts with which he was charged. He said nothing about the third count and even though the evidence was substantial that he, in fact, had committed the charge alleged in the third count, the jury acquitted him of the third count and found him guilty of the two counts to which he had admitted his guilt. In addition, the defendant, by his testimony, attempted to exonerate his codefendant Beadle. The acquittal of Beadle indicated that the defendant was not disbelieved and that his credibility was not affected.

For the above reasons, we hold that the Court of Appeals erred in reversing the trial court on the defendant's robbery convictions and in granting the defendant a new trial.

The state further contends the Court of Appeals erred in holding that the out-of-state prison records were improperly admitted by the trial court, and in reversing the trial court's determination that the defendant was an "habitual criminal." The Court of Appeals held that "[t]he testimony of the Maine official was insufficient to establish his own status as the proper officer and that the attestation was in proper form." It appears that the Court of Appeals relied on Civil Rule for Superior Court 44, which provides:

(a) Authentication.

(1) *Domestic.* An official record . . . when admis-

sible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record . . . and accompanied by a certificate that such officer has the custody. . . .

. . .

(c) Other Proof. This rule does not prevent the proof of official records or of entry or lack of entry therein by any other method authorized by law.

The requirements of CR 44(a)(1) for introduction of official records is not exclusive, as it is qualified by CR 44(c). CR 44(a)(1) relates to the introduction of public records without the necessity of proof by direct testimony, by requiring an accompanying certificate to prove that the officer identifying the records sought to be introduced is, in fact, the legal custodian of the records.

■ In the instant case it appears that the state sought to have the record of the defendant's conviction of a felony in the state of Maine proved by the direct testimony of the asserted custodian of those records. In such instance, we do not believe the requirements of CR 44(a)(1), as to proving his status as the custodian by an accompanying certificate, applies. Bare records are not subject to cross-examination and the requirement for the accompanying certificate is therefore proper to provide a greater degree of caution in assuring the authenticity of such official records. In the case of the appearance of the asserted custodian of the records in person, his testimony that he is the custodian is subject to the test of cross-examination. Under these circumstances, we believe subsection (a) of the rule does not apply and that this mode of proof is encompassed by subsection (c).

The Court of Appeals, therefore, erred in reversing the trial court on its holding that records of the defendant's felony conviction in the state of Maine were admissible.

We have not discussed the other issues that were raised by the defendant on his appeal to the Court of Appeals relating to his robbery convictions, for the reason that no request has been made for their review by this court. We

491

have, however, given them consideration and agree with the Court of Appeals that the trial court was not in error in its determination of those issues.

We are satisfied the defendant had a fair trial. The judgment of the trial court is affirmed on both the defendant's robbery convictions and the determination that the defendant is an "habitual criminal," and the decision of the Court of Appeals is reversed insofar as it is inconsistent with this opinion.

HALE, C.J., and FINLEY, ROSELLINI, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.

UTTER, J. (dissenting)—I dissent for the reasons stated in the Court of Appeals opinion, *State v. Stephens*, 7 Wn. App. 569, 500 P.2d 1262 (1972).