[No. 658-2.    Division Two.    June 26, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM
FRANKLIN MEDLEY, *Appellant*.

492

*James S. Witt* and *Don R. Smith,* for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

PEARSON, C.J.—Defendant, William F. Medley, was charged alternatively by information with unlawfully taking an automobile without the owner's permission, or with voluntarily riding in the vehicle with knowledge that it had been unlawfully taken. A Pierce County jury found him guilty as charged and defendant appeals the judgment and sentence.

Defendant's chief assignment of error states that "The trial court erred in not striking all instructions relating to the *taking* of the automobile . . ." (Italics ours.) The challenged instructions are not set forth verbatim in the brief as required by CAROA 42 (g) (1) (iii) and CAROA 43, and we normally do not consider challenged instructions unless these rules are followed. *State v. Draper,* 10 Wn. App. 802, 521 P.2d 53 (1974). However, the argument presented does not purport to challenge the abstract legal statements contained in the instructions. Rather, defendant contends under this assignment of error (1) that the information was defectively duplicitous, (2) that the evidence was insufficient in law to support one of the alternate modes charged in the information, namely, the unlawful taking of the automobile, and (3) the jury was not properly charged that a verdict must be unanimous on either alternative mode charged in the information. Since trial counsel had properly preserved two of these claimed errors at trial, we deem it necessary to consider

them on the merits, despite the inadequacy of the assignment of error. *See State v. Robinson,* 78 Wn.2d 479, 475 P.2d 560 (1970).

■ There is no merit to defendant's challenge to the information. The information was couched in the statutory language. RCW 9.54.020.[1] Both the statute and the information assert two methods by which a single crime may be committed. The information does not improperly charge two crimes in the alternative in one count. *State v. Scott,* 64 Wn.2d 992, 395 P.2d 377 (1964). The elements instruction given to the jury allowed the jury to consider two alternative methods for determining defendant's guilt or innocence of a single crime.[2] The form and substance of this instruction has been specifically approved. *State v. Robinson, supra.*

We next consider the contention that the evidence was insufficient to submit to the jury the unlawful "taking"

[1]RCW 9.54.020 provides:

"Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of a felony."

[2]Instruction No. 11 provided:

"If you find from the evidence beyond a reasonable doubt, all of the following alleged facts, to-wit:

"1. That the defendant, WILLIAM FRANKLIN MEDLEY, did without permission of the owner, or any person entitled to the possession thereof, wilfully take and drive away a 1961 Buick Convertible, Washington License No. BNV 193;

"2. Or that the said defendant did voluntarily ride in or upon said motor vehicle with knowledge of the fact that the same was unlawfully taken;

"3. That said automobile was the property of Danny J. Wilson;

"4. That said acts occurred in the County of Pierce, State of Washington, on or about the 29th day of May, 1971;

"Then you shall find the defendant, WILLIAM FRANKLIN MEDLEY, guilty of UNLAWFULLY TAKING AN AUTOMOBILE WITHOUT THE OWNER'S PERMISSION as charged in the information."

alternative method of committing the crime. There is authority, as appellant contends, that if the evidence was insufficient as to one mode, prejudicial error may have occurred in the submission of two modes of commission to the jury. *State v. Golladay*, 78 Wn.2d 121, 470 P.2d 191 (1970).

The pertinent facts are as follows. Two Armed Forces police officers were patrolling in a residential area in Pierce County when they recognized an automobile which one of their fellow officers had reported as stolen from him on the previous day. Not only did they recognize the 1961 Buick convertible, but the license plate numbers matched those of the vehicle reported stolen. Because it was daylight and because the stolen vehicle was a convertible, the officers were able to observe both the physical characteristics and mode of dress of the two occupants.

After calling for assistance from the Pierce County Sheriff, the two officers undertook to follow the vehicle. During this time the officers noticed that the driver was dark haired, clean shaven, and had a bandaged right hand. He was wearing a blue jacket and a red stocking-type cap. The passenger was full-bearded and wore a green jacket and a blue or black stocking cap.

At one point during the surveillance, the stolen vehicle stopped at a tavern. The occupants were inside briefly and when they returned to the car the two changed places so that the bearded man assumed the role of driver.

Shortly thereafter a high speed chase ensued involving the stolen vehicle, the Armed Forces police, and a Pierce County Deputy Sheriff who had responded to the call for assistance. The chase abruptly ended when the stolen vehicle was stopped and its occupants fled on foot into a 640-acre wooded tract near the highway.

About this time two state patrol officers, who had also responded to the call for assistance, proceeded to the opposite side of the wooded tract. One of the officers was familiar with the area and knew that a footpath traversed the woods. About one-half hour later two men matching the

descriptions radioed to the patrol officers emerged from the woods on the footpath and were apprehended.

The clean-shaven man with the bandaged hand was identified as Ronald Carpenter.[3] One of his fingerprints was later taken from the stolen car. The man with the beard was the defendant, William Medley.

A short time later the two Armed Forces policemen and the Pierce County Deputy Sheriff arrived at the scene of the apprehension. All three identified the two men as those who had been in or driving the stolen vehicle and the arrest was made by the deputy sheriff.

At trial, and over defendant's objection, in-court identification was made of Medley by the three police witnesses who had observed him driving the stolen vehicle. Defendant did not take the stand in his own behalf. Instead, he called one of two sheriff's deputies who had interrogated him at the jail shortly after his arrest. The substance of this testimony was that defendant had not been with Carpenter on the day the vehicle was stolen and that he had no knowledge concerning its ownership. Defendant submitted other evidence that at the time of the incident he was proceeding with Carpenter to pick up a paycheck from the latter's employer, who resided in the general area.

Clearly, the vehicle here was taken without the permission of the owner—that fact was established by testimony of the owner. The vehicle did not belong to defendant, although he assumed control of it at the aforementioned tavern, according to the witness. Any innocent explanation for his actions could reasonably be negated by his attempts to escape capture thereafter. These circumstances are sufficient to establish a prima facie case on the first prong of RCW 9.54.020, the "taking" statute. *See State v. Nelson,* 63 Wn.2d 188, 191, 386 P.2d 142 (1963), where the court states:

It is sufficient to show that the automobile taken did not belong to the appropriator, and that it was intentionally

---

[3] Carpenter was charged in the same information with defendant, but Medley was tried separately.

taken from and without permission of the person entitled to its possession at the time of the taking.

We deem it immaterial whether the vehicle was taken by defendant on the day it was reported stolen or at some later time, so long as his culpability may reasonably be inferred from his actions at the time of his appropriation of the vehicle. There is no contention made that the evidence fails to establish a prima facie case on the second prong of RCW 9.54.020, namely, voluntarily *riding* with knowledge of a wrongful appropriation. Consequently, defendant's challenge to the sufficiency of the evidence must be rejected.

We next turn to defendant's claim that reversible error occurred by the refusal of the court to instruct the jury that its verdict must be unanimous on either alternative prong of the statute. This claim must be rejected on two grounds. First, although trial counsel took exception to the refusal of the court to give a unanimity instruction, the record does not show that such an instruction was proposed. The error, therefore, has not been preserved. *See State v. Draper,* 10 Wn. App. 802, 521 P.2d 53 (1974); CAROA 43.

Second, the cases which suggest the necessity of a special unanimity instruction where a single crime may be committed in different ways or by different means, involve criminal statutes totally different from the one under consideration here. In *State v. Golladay,* 78 Wn.2d 121, 470 P.2d 191 (1970), where that requirement appears to have originated, the court was concerned with three alternative modes of committing first-degree murder (RCW 9.48.030), namely, (1) larceny murder, (2) rape murder, and (3) premeditated murder, and the sufficiency of the evidence of each mode. The court concluded that the evidence did not support larceny murder and the error in submitting that issue was prejudicial under the circumstances of that case. The court mentioned by way of dictum the necessity for a unanimous verdict on any of the alternatives.

In *State v. Carothers,* 9 Wn. App. 691, 514 P.2d 170

(1973), Division One of this court was confronted with the absence of a unanimity instruction where the alternative modes for committing first-degree murder were (1) premeditated murder, (2) robbery murder, or (3) first-degree murder via the accomplice statute, RCW 9.01.030. The court concluded that prejudicial error had not occurred, since the accomplice statute did not create a separate or alternative mode, and the robbery murder mode was submitted under an instruction by which unanimity could be ascertained, even in the absence of a special instruction.

In a footnote, a majority of the court in *State v. Carothers, supra,* stated at page 694:

> We suggest that unanimity as to mode of commission of a single crime should not be required if (1) the modes charged are not repugnant, and (2) substantial evidence concerning each mode is submitted to the jury.

We are in agreement with that suggestion, but need not rely upon it to decide the question before us. The nature of the criminal statute before us is totally different from those involved in *State v. Golladay, supra,* and *State v. Carothers, supra.* RCW 9.54.020 makes the culpable "joy rider" equally guilty with the person taking or driving the automobile. The significance of this fact was commented on in *State v. McCaskey,* 55 Wn.2d 329, 332, 347 P.2d 895 (1959):

> The language of the former statute [RCW 9.54.020], by providing that a culpable rider is equally guilty with the driver, declares that the act described shall be deemed in law the equivalent of aiding, abetting, counseling, or encouraging the principal act. RCW 9.54.020 denotes as "aiding and abetting" in law that which would independently have been strong evidence of such participation. Therefore, appellant's riding in the stolen car with guilty knowledge, by reason of the statute making him equally guilty with the driver, constituted him an aider and abettor of the principal act of the codefendant. RCW 9.01.030 makes such principal act the act of the aider and abettor. Both are principals and chargeable as such.
>
> Where two defendants are charged jointly as principals and there is proof that one acted as aider and abettor, by

reason of the statute (RCW 9.01.030), the proof will sustain the charge and conviction of both as principals.

This statement was later approved by the Supreme Court in *State v. Jones,* 65 Wn.2d 449, 397 P.2d 815 (1964).

While the question before the court in *State v. Mc-Caskey, supra,* and *State v. Jones, supra,* was admittedly different than the one at bench, the stated principles logically compel our conclusion that the jury was properly instructed[4] in this case.

Whether a juror reached the conclusion of guilt under the first or second prong of the statute, the result is the same, *i.e.,* defendant was guilty as a principal in the crime of taking or driving away the vehicle without the owner's permission.[5] Because of this, the defendant shows no prejudice by the fact that some jurors may have reached the conclusion on one prong and some on the other. Furthermore, to instruct that a unanimous verdict is required under either or both prongs would appear to violate the interpretation of the criminal statute announced in *State v. McCaskey, supra,* and *State v. Jones, supra,* and to impose a greater burden upon the State than that interpretation contemplates. For these reasons, we conclude that the jury was properly instructed on unanimity.

■ Defendant next complains that it was error to allow Carpenter's fingerprints, which were found in the stolen vehicle, in evidence. No authority is cited nor are any persuasive arguments advanced in support of this claim. Since Carpenter and defendant were apprehended together away from the stolen vehicle a short time after it was abandoned, evidence that Carpenter's fingerprints were in the vehicle is relevant circumstantial evidence that defendant was the other occupant who had been observed by the witnesses. *See State v. Whalon,* 1 Wn. App. 785, 464 P.2d 730 (1970).

---

[4]The jury was instructed: "This being a criminal case, it will require the agreement of your entire number of twelve to return a verdict."

[5]The jury was properly instructed concerning the accessory statute, RCW 9.01.030.

Defendant also complains that it was error to admit in evidence a record of the Pierce County Sheriff of Carpenter's fingerprints taken in 1968. The record contained Carpenter's picture. Again, no authority is cited to support this assignment. The gist of the argument is that the person who took the fingerprints was not called as a witness to identify the record. In our view, the record was properly allowed under The Uniform Business Records as Evidence Act, RCW 5.45.020.

Lastly, defendant contends that an impermissibly suggestive "one-man lineup" occurred when the two officers engaged in pursuing the stolen vehicle were brought to the scene of the apprehension to identify the two suspects before a formal arrest was made. The contention is then made that this confrontation unconstitutionally tainted the in-court identifications. *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967).

It is patently frivolous to contend that a law enforcement officer whose pursuit of criminal suspects is interrupted may not, a short time later, identify the suspects as the ones whose criminal conduct he has previously observed. The on-the-scene identification made in this case established probable cause for their arrest. See the emergent condition exception discussed in *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967 (1967), and more recently *see Kirby v. Illinois,* 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877 (1972), and *State v. Coburne,* 10 Wn. App. 298, 518 P.2d 747 (1973).

Judgment affirmed.

PETRIE and ARMSTRONG, JJ., concur.

Petition for rehearing denied July 11, 1974.
Review denied by Supreme Court September 25, 1974.