[No. 4037–1.   Division One.   January 9, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. MITCHELL
THOMAS BREZILLAC, *Appellant.*

*David Allen* of *Seattle–King County Public Defender* and *David L. Shorett,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Julia I. Baute, Deputy,* for respondent.

WILLIAMS, J.—Mitchell Thomas Brezillac appeals from a judgment that he is a habitual criminal. We affirm.

After Brezillac pleaded guilty on March 25, 1975, to four counts of robbery, he was charged by supplemental information with being a habitual criminal. At trial, the State introduced evidence that Brezillac had seven prior felony convictions:

Count 1, February 2, 1971, conviction for robbery in Arizona (Yuma County, No. 5782);

Count 2, September 10, 1964, conviction for forgery in Georgia (Fulton County, No. 85384);

Count 3, March 31, 1966, conviction for forgery in Georgia (DeKalb County, No. 9251);

Count 4, November 30, 1961, conviction for larceny in Georgia (Fulton County, No. 80146);

Count 5, November 30, 1961, conviction for forgery in Georgia (Fulton County, No. 72374);

Count 6, April 5, 1966, conviction for forgery in Georgia (Fulton County, No. 88879);

Count 7, June 26, 1967, conviction for forgery in Georgia (Bibb County, No. 10527).

The first question is an evidentiary one, concerning the manner in which the State attempted to prove the six Georgia convictions. In order to establish one's status as a habitual criminal, the State must show (1) the prior judgments of conviction; and (2) that the person named therein is the same person who is presently on trial. *State v. Kelly,* 52 Wn. 2d 676, 328 P.2d 362 (1958). In its case against

Brezillac, the State introduced in evidence copies of judgments and sentences, certified by the appropriate clerks of court, corresponding to counts 2–7, above. Brezillac has no quarrel with these documents, which satisfy the first requirement of *State v. Kelly, supra,* by showing that, on the dates in question, someone named "Mitchell T. Brezillac" was convicted of the various crimes alleged. He argues, however, that the State has not met its burden of identification under the second requirement of *Kelly.*

*State v. Harkness,* 1 Wn.2d 530, 96 P.2d 460 (1939), holds that in a habitual criminal proceeding, identity of names, alone, is not sufficient proof of identity of person to warrant the court in submitting to the jury a prior judgment of conviction; independent evidence must be produced. However, in this case such evidence was produced, in the form of properly certified Georgia prison records. Page 3 of the prison records consists of a photograph, front and profile, of an inmate of the Georgia state prison at Reidsville, Georgia, and shows that he was convicted, in Fulton County, of the crimes of forgery and larceny and sentenced on November 30, 1961, to two 2– to 5–year terms, to run concurrently. It states that the inmate was 26 years old, 6 feet 4 inches tall, 250 pounds, with fair complexion, brown eyes and a heavy build. It also states: "Notify in case of sudden illness Wife: Mildred Brezillac: 2609 Wood Green Dr., Chamblee, Ga."

The court records of counts 4 and 5, the validity of which Brezillac does not question, are identical to the foregoing prison records with respect to the kinds of crimes, the name of the defendant and the length and type of sentence. Moreover, the trial court, in the habitual criminal trial, had the opportunity to compare the pictures and physical descriptions on page 3 of the prison records with Brezillac, who was present in court. To tie it all together: the judgments and sentences show that a "Mitchell T. Brezillac" was convicted of two felonies in Georgia; the prison records show that a "Brezillac" who had a certain physical appearance and certain physical characteristics, was convicted of

the same crimes, in the same county, on the same day; finally, the physical appearance of Brezillac in court enabled the trial judge to conclude by observation that, beyond a reasonable doubt, he was the same as the "Brezillac" in the prison records and, thus, the same as the "Brezillac" in the judgments and sentences.

Count 3 is proved by a similar process, inasmuch as page 5 of the prison records contains pictures and a description of a "Brezillac" who was convicted of forgery and sentenced to a 6–year term on March 31, 1966. Again, the similarities between the judgment and sentence and the information in the prison records are overwhelming. At some point in the process of proof, a prima facie case is established and the defendant must come forth with evidence to verify his unspoken premise that an amazing coincidence has occurred, and he is being mistaken for another.

Counts 2, 6, and 7 present a more difficult question because, unlike the foregoing three counts, the prison records do not contain specific verifying information as to them. However, we still are not left with a case of name identity only. The properly certified judgments and sentences for counts 2, 6, and 7 are fastened, along with the court and prison records for counts 3, 4, and 5, into what was State's exhibit 4 at trial. The exhibit is prefaced by a document, signed by the official custodian of the prison records, which states:

> I certify that the attached copies of records of one Mitchell Thomas Brezillac, A–63726, are true and correct copies of the records which are on file in the office of the [Georgia] State Department of Corrections.

Because Brezillac is solidly connected with counts 3, 4, and 5, the statement that exhibit 4 contains "copies of records of one Mitchell Thomas Brezillac," constitutes independent evidence that he is the "Brezillac" named in counts 2, 6, and 7.

Moreover, the following similarities between counts 3, 4, and 5, on the one hand, and counts 2, 6, and 7, on the

other, are so great as to present a prima facie case of identity: besides having the same name, the "Mitchell T. Brezillac" in counts 2, 6, and 7 was convicted of the same crime (forgery) as in counts 3 and 5, and in years (1964, 1966 and 1967) that are contemporaneous with the dates of the convictions in counts 3, 4, and 5. The "Mitchell T. Brezillac" in counts 2 and 6 was convicted in the same county (Fulton) as in counts 4 and 5. This is much more than mere identity of names. There may be other Mitchell T. Brezillacs who commit felonies. But the possibility of another Mitchell T. Brezillac committing the same crimes, in the same county of the same state, during the same period of time, is far too remote; the State established a prima facie case of identity as to counts 2, 6, and 7.

The next question is whether the Arizona robbery conviction constitutes a "crime which under the laws of this state would amount to a felony . . ." RCW 9.92.090. The supplemental information charged that Brezillac was convicted under a specific section of the Arizona Revised Statutes. The trial court concluded:

> That the crime of robbery in Finding of Fact I did amount to and was a felony under the laws of the state of Washington at the time of said conviction and at all times since.

RCW 5.24.010 requires the court to take judicial notice of the statutes of other states. Moreover, at trial the prosecutor handed the court the appropriate volume of the Arizona Criminal Code and pointed out the section defining robbery. The State adequately proved that at the time of Brezillac's Arizona conviction, robbery was a felony under our laws.

The next question is whether the Georgia and Arizona convictions are inadmissible because they do not show that Brezillac voluntarily pleaded guilty after advisement of rights. Each Georgia judgment and sentence was accompanied by a properly certified copy of the file jacket indicating that at the time of pleading guilty, Brezillac was represented by counsel. That is sufficient under the rule in

*State v. Alexander,* 10 Wn. App. 942, 521 P.2d 57 (1974). The Arizona judgment and sentence contains a statement by the trial court that the plea was voluntarily made with consent of counsel.

The next question concerns the status of the two felony convictions (counts 4 and 5) which were entered on the same day. In *State v. Mitchell* 2 Wn. App. 943, 952, 472 P.2d 629 (1970), Division Two of this court held that "it is reversible error to adjudge one an habitual criminal for more than one conviction occurring on the same day, . . ." Support for this proposition is *State v. Jones,* 138 Wash. 110, 244 P. 395 (1926) in which the defendant was convicted of three counts of petit larceny on the same day and was then found to be a habitual criminal. The Supreme Court said at page 111:

> Considering this question, it is to be borne in mind that the habitual criminal statute was passed in the hope of working a reformation of criminals, and, when that hope of reformation had passed, the increased punishment should be meted out, but only then. . . . If that is the purpose of the act, then it should be so interpreted that the increased punishment should not be inflicted until an opportunity for reformation had been given. In many of the states it is expressly provided that the increased punishment shall apply only to offenses committed after the first conviction.

(Citations omitted.)

The court then decided at page 112:

> Our statute being silent on the question, it would seem that, in order to fulfill the purpose of the statute and to follow what seems to be the decided weight of authority, it is necessary to hold that the increased punishment can only apply to an offense committed after conviction for the previous one or ones. The convictions here having been simultaneous, the increased punishment is not justifiable.

█ It does seem reasonable that there must be a time interval between convictions to show the defendant's persistence in criminal conduct. *State v. Braithwaite,* 18 Wn. App. 767, 572 P.2d 725 (1977). But that does not mean that

only one of the convictions may be listed on the supplemental information and called to the attention of the court. The trial judge knows the law, and it may be assumed that he considered the two convictions entered on the same day as only one conviction for the purpose of establishing that Brezillac is a habitual criminal.

The final question is whether RCW 9.92.090 is unconstitutional as (1) a violation of due process; (2) a violation of equal protection; (3) cruel and unusual punishment; and (4) a delegation of legislative authority. The statute is constitutional. *State v. Lee,* 87 Wn.2d 932, 558 P.2d 236 (1976).

Judgment affirmed.

JAMES and CALLOW, JJ., concur.

Petition for rehearing denied February 28, 1978.