[No. 3392-2.   Division Two.   April 16, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. RICK
GENE RINIER, *Appellant*.

*Joseph M. Mano, Jr.,* for appellant (appointed counsel for appeal).

*Jeremy Randolph, Prosecuting Attorney,* for respondent.

PEARSON, C.J.—Defendant Rick Gene Rinier appeals from a finding that he is a habitual criminal,[1] on grounds that evidence of two of his three prior convictions was improperly admitted in the habitual criminal proceedings. After reviewing the record, we affirm.

On February 1, 1978, defendant entered pleas of guilty in Lewis County to the charges of taking a motor vehicle without permission of the owner and assault in the second degree. After inquiry and review of defendant's statement upon pleading guilty, the court accepted both pleas. The prosecuting attorney then filed a supplemental sentencing information alleging that defendant was a habitual criminal. Defendant waived trial by jury on the supplemental sentencing information and trial was held to the court on February 28, 1978. The State offered various exhibits to prove that defendant had four prior felony convictions in the state of Oregon. The exhibits were admitted over defendant's objection. The court found that defendant had been previously convicted of the following felonies:

1. Unauthorized use of a vehicle on August 1, 1974, in Linn County, Oregon.

2. Unauthorized use of a vehicle on August 1, 1974, in Linn County, Oregon.

3. Burglary in the first degree on February 19, 1976, in Linn County, Oregon.

---

[1]RCW 9.92.090 provides in pertinent part:

"Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been *twice convicted,* whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life." (Italics ours.)

4. Escape in the second degree on April 14, 1977, in Marion County, Oregon.

On February 28, 1978, defendant was sentenced to life imprisonment as a habitual criminal.

■ Defendant contends that the prior Oregon convictions for unauthorized use of a vehicle were inadmissible on grounds that they do not constitute felony convictions under the laws of this state. We note preliminarily that two convictions for unauthorized use of a vehicle having occurred on the same day in Linn County, Oregon constitute only one felony for purposes of the habitual criminal statute. *State v. Brezillac,* 19 Wn. App. 11, 573 P.2d 1343 (1978); *State v. Mitchell,* 2 Wn. App. 943, 472 P.2d 629 (1970).

■■ A foreign felony conviction will be recognized as a felony only for purposes of the Washington habitual criminal statute if indictment or information under which one is convicted in a foreign jurisdiction states facts sufficient to form the minimum elements of a felony in this state. *State v. Wait,* 9 Wn. App. 136, 509 P.2d 372, 65 A.L.R.3d 578 (1973). The Oregon informations state that defendant "unlawfully and knowingly" took and operated a vehicle without the owner's permission. The elements of the Washington crime of taking a motor vehicle without permission[2] are an "intentional" taking, or "riding . . . said automobile or motor vehicle with knowledge . . . that the same was *unlawfully* taken." (Italics ours.) Either a passenger or a taker/driver may violate the second portion of the statute. *See State v. Robinson,* 78 Wn.2d 479, 475 P.2d 560 (1970); *State v. Jones,* 65 Wn.2d 449, 397 P.2d 815,

---

[2]Washington's "joyriding" statute, RCW 9A.56.070 and former 9.54.020 (in effect when defendant was convicted in Oregon), both provide in pertinent part:

"Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity, or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle . . ."

(1964); *State v. Hudson,* 1 Wn. App. 813, 463 P.2d 786 (1970). But defendant asserts that to establish an unlawful taking requires, in this state, proof that an automobile was intentionally taken and that the rider had knowledge of the intentional taking. Since acting intentionally is a higher degree of culpability than acting knowingly, RCW 9A.08-.010, under defendant's construction neither portion of the Washington statute can be satisfied by his conviction for taking "knowingly."

This construction would require Washington courts to determine whether a passenger riding in a car which he knew to be stolen by another also knew whether the car was taken "knowingly" or "intentionally." We decline to give weight to such a technicality. We hold that taking "knowingly" and taking "intentionally" are the same for purposes of proving a prior conviction under the joyriding statute.

■ Next, defendant contends that evidence of his 1977 guilty plea to the offense of escape was inadmissible as a prior conviction, on grounds that the memorandum and judgment did not state sufficiently the rights of which defendant was advised or that his waiver of rights was understandingly made. The burden of establishing a valid waiver is on the prosecution. *Boykin v. Alabama,* 395 U.S. 238, 242, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969).

The records at issue state that defendant was advised of his right to counsel and waived that right; that he was then "advised of rights" and entered a guilty plea. Judgments, including criminal convictions of sister states, are generally accorded full faith and credit and their validity may not be collaterally attacked. *State v. Lindsey,* 150 Wash. 121, 272 P. 72 (1928). But, for example, the failure to inform a defendant of his right to a jury trial at the time that he entered his plea has been held to render void a subsequent conviction, *cf. Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967), and void judgments should be subject to collateral attack. *State v. Boyd,* 21 Wn. App. 465, 586 P.2d 878 (1978).

Waiver of the privilege against compulsory self–incrimination, the right to jury trial, and the right to confront witnesses cannot be presumed from a silent record. *See Boykin v. Alabama, supra.* This rule was recognized in *State v. Johnston,* 17 Wn. App. 486, 564 P.2d 1159 (1977), as applying to guilty pleas entered after June 2, 1969, in this state. The trial judge has a duty to determine that a plea of guilty is voluntary and that an accused understands the consequences of his plea; the necessary discussion between the court and accused *should* be a matter of record. *Woods v. Rhay,* 68 Wn.2d 601, 414 P.2d 601 (1966).

In this case, the record of the questioned judgment specifically states that defendant was advised of his right to counsel and waived that right. As to whether defendant was advised of his other rights, the record contains only the blanket statement that he was. This is not a silent record, as in *Boykin v. Alabama, supra,* nor is it a case in which the defendant contends that he was not *in fact* advised of specific constitutional rights prior to entering his plea, as in *State v. Johnston, supra.* Therefore, the presumption that out–of–state convictions are valid should apply.

This leaves defendant with three prior convictions: one for unauthorized use of a vehicle, one for burglary in the first degree, and one for escape in the second degree. We note that even if one of those convictions had been found defective, the State indicated that it would proceed against defendant as a habitual criminal as long as he had two or more felony convictions.

Affirmed.

PETRIE and SOULE, JJ., concur.

Reconsideration denied May 9, 1979.

Review granted by Supreme Court August 22, 1979.