[No. 46313. En Banc. April 17, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. RICK GENE RINIER, *Petitioner.*

*Joseph M. Mano, Jr.,* for petitioner (appointed counsel for appeal).

*John Panesko, Jr., Prosecuting Attorney,* for respondent.

DOLLIVER, J.—Defendant Rinier was adjudicated an habitual offender and sentenced to life imprisonment. He appeals the finding on the ground that three of his four prior convictions were improperly admitted into evidence in the habitual criminal proceeding.

Defendant entered guilty pleas in Lewis County, Washington, on February 1, 1978, to charges of taking a motor vehicle without permission and assault in the second degree. After the pleas were accepted, the prosecuting attorney filed a supplemental sentencing information alleging that defendant was an habitual offender under RCW 9.92.090. Defendant waived his right to a jury trial on the supplemental sentencing information.

The State introduced various exhibits to prove that defendant had been convicted of the following four felonies, all committed in Oregon: two convictions for the unauthorized use of a vehicle on August 1, 1974, in Linn County, Oregon; one conviction for burglary in the first degree on February 19, 1976, in Linn County, Oregon; and one conviction for escape in the second degree on April 14, 1977, in Marion County, Oregon.

Defendant objected to the introduction of exhibits 1 and 3 offered by the State to prove that he had two convictions for unauthorized use of a motor vehicle. The district attorney's information in each exhibit alleged that defendant "did unlawfully and *knowingly* take a vehicle . . . without the consent of the owner . . . contrary to the Statutes in such cases made and provided." (Italics ours.)

The defendant also objected to the introduction of exhibit 7 offered to prove that defendant was convicted of escape in the second degree. A journal entry on the escape conviction provided, in part:

> On this 14th day of April, 1977, this matter coming on to be heard . . . [and] defendant appearing in person and without benefit of counsel . . . defendant is advised of his right to court appointed counsel and waives right; defendant pleads GUILTY, is *advised of rights* and PLEA OF GUILTY is entered . . .

(Italics ours.) Exhibit 7. Each of the above exhibits was admitted into evidence over defendant's objections. The judgment of the court, also included in exhibit 7, stated that defendant had waived counsel but did not mention a waiver of defendant's other constitutional rights.

The trial court adjudged defendant an habitual criminal and sentenced him to life imprisonment. The Court of Appeals affirmed. *State v. Rinier*, 23 Wn. App. 102, 595 P.2d 43 (1979).

Defendant was found to be an habitual offender under RCW 9.92.090 which provides, in part:

> Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been twice convicted, whether in this state or elsewhere, of any crime *which under the laws of this state would amount to a felony,* or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life.

(Italics ours.)

█ Defendant contends the prior Oregon convictions for unauthorized use of a vehicle were inadmissible on the grounds that they do not constitute felony convictions under the laws of this state. The test for determining the sufficiency of an out-of-state conviction is whether the indictment or information under which defendant was convicted in a foreign jurisdiction stated facts sufficient to amount to the minimum elements of a felony in Washington. *State v. Furth*, 5 Wn.2d 1, 104 P.2d 925 (1940); *State v. Wait*, 9 Wn. App. 136, 509 P.2d 372, 65 A.L.R.3d 578, *review denied*, 82 Wn.2d 1012 (1973); *State v. Stephens*, 7 Wn. App. 569, 500 P.2d 1262 (1972), *rev'd on other grounds*, 83 Wn.2d 485, 519 P.2d 249 (1974).

The Oregon informations stated that defendant "unlawfully and knowingly" took and operated a vehicle without the owner's permission. Washington's "joyriding" statute

(RCW 9A.56.070, formerly RCW 9.54.020) which was in effect when defendant was convicted in Oregon, provides:

(1) Every person who shall without the permission of the owner or person entitled to the possession thereof *intentionally take* or drive away any automobile or motor vehicle, whether propelled by steam, electricity, or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person *voluntarily riding in* or upon said automobile or motor vehicle with *knowledge of the fact that the same was unlawfully taken* shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of taking a motor vehicle without permission.

(2) Taking a motor vehicle without permission is a class C felony.

(Italics ours.) Defendant contends that "knowingly take" does not satisfy the element of "intentionally take" in the Washington statute. Both the Washington and Oregon statutes distinguish intent from knowledge. RCW 9A.08-.010; Ore. Rev. Stat. 161.085(7), (8). RCW 9A.08.010 categorizes the degrees of culpability as follows:

(a) *Intent.* A person acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime.

(b) *Knowledge.* A person knows or acts knowingly or with knowledge when:

(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or

(ii) he has information which would lead a reasonable man in the same situation to believe that facts exist which facts are described by a statute defining an offense.

RCW 9A.08.010(1). Acting intentionally is a higher degree of culpability than acting knowingly.

■ Nevertheless, the Oregon information is sufficient to constitute the crime of riding in a motor vehicle without permission under the second portion of RCW 9A.56.070. Either a passenger or a taker/driver may violate the second portion of the statute. *State v. Robinson,* 78 Wn.2d 479, 475 P.2d 560 (1970); *State v. Jones,* 65 Wn.2d 449, 397

P.2d 815 (1964); *State v. Scott,* 64 Wn.2d 992, 395 P.2d 377 (1964). Thus, RCW 9A.56.070 provides two methods by which a single crime may be committed. *State v. Medley,* 11 Wn. App. 491, 524 P.2d 466, *review denied,* 84 Wn.2d 1006 (1974).

Defendant argues, however, that, even if the passenger section of RCW 9A.56.070 can be used, the statute still requires that a passenger must have knowledge the vehicle was unlawfully taken. He asserts that a vehicle is not unlawfully taken unless it is intentionally taken and that neither portion of the Washington statute can be satisfied by his conviction for taking "knowingly".

This construction would require the Washington courts to determine whether a passenger riding in a car which the passenger knew to be stolen by another also knew whether the car was taken "knowingly" or "intentionally". While the argument of defendant is ingenious, it would vitiate the second part of RCW 9A.56.070 both as to a passenger or a passenger/driver. We reject this disharmonious construction of the statute and decline to hold that the passenger be required to be aware of these technical distinctions as to the taker's mental culpability. Rather, we agree with the Court of Appeals and hold that defendant, driver or passenger, may be convicted under the passenger portion of RCW 9A.56.070 if the defendant had knowledge that the vehicle was taken without the owner's permission. A driver/passenger cannot escape from the statute by claiming lack of intent if he knows the vehicle was taken without the permission of the owner or person entitled to the possession of the vehicle.

Defendant's two convictions for knowingly taking a vehicle in Oregon are sufficient to meet the minimum requirements for riding in a motor vehicle without permission under RCW 9A.56.070; the convictions were properly admitted into evidence in the habitual criminal proceeding. It should be noted, however, that where there are two convictions in the same day, this constitutes only one felony for the purposes of the habitual criminal statute. *State v.*

*Jones,* 138 Wash. 110, 244 P. 395 (1926); *State v. Brezillac,* 19 Wn. App. 11, 573 P.2d 1343 (1978).

 ■  Next defendant challenges the admission of his guilty plea to the offense of escape in the second degree as embodied in exhibit 7. The Court of Appeals categorized this as a collateral attack on a prior guilty plea and held the out–of–state conviction was presumed valid. *State v. Rinier, supra* at 105. However, an attack on the use of a guilty plea in an habitual criminal proceeding is neither collateral nor retroactive. "The challenge instead is to the present use of an invalid plea in a *present* criminal sentencing process." *State v. Holsworth,* 93 Wn.2d 148, 154, 607 P.2d 845 (1980). There is no presumption of validity, and the burden of establishing the validity of a guilty plea is on the State. *State v. Holsworth, supra.*

Defendant argues that his guilty plea does not reflect a sufficient showing of a knowing and voluntary waiver of his constitutional rights. The United States Supreme Court in *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969) set forth three constitutional rights waived when a defendant enters a plea of guilty in a state criminal trial: (1) The privilege against self–incrimination; (2) the right to a jury trial; and (3) the right to confront one's accusers. A waiver of these rights will not be presumed from a silent record.

While exhibit 7 is not a silent record, nevertheless, it contains only the blanket statement that defendant was "advised of his rights and plea of guilty was entered". Furthermore, neither the journal entry nor the judgment shows that defendant made a knowing and intelligent waiver of the three specific constitutional rights enumerated in *Boykin.*

Even though neither *Boykin* nor the constitution forbids the use of extrinsic evidence to supplement the record, we have held this issue is governed by rules of court. *Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976). Under CrR 4.2, "the record of the plea hearing, *unsupplemented by any evidence extrinsic to that record,* must show on its face

that the plea was entered voluntarily and intelligently". (Italics ours.) *Wood v. Morris, supra* at 511. *See McCarthy v. United States,* 394 U.S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166 (1969).

Defendant's guilty plea to escape in the second degree was entered April 15, 1977. The voluntariness of all guilty pleas entered after September 26, 1976, the date of *Wood v. Morris, supra,* must be demonstrated on the record.

The blanket statement that defendant was "advised of his rights and plea of guilty was entered" is constitutionally insufficient and since extrinsic evidence may not be used to correct the defect, the conviction may not be used in the habitual criminal proceeding.

This leaves defendant with two prior convictions to be included in the habitual criminal proceeding, one for unauthorized use of a vehicle and one for burglary in the first degree. Under RCW 9.92.090, defendant may be declared an habitual offender if he has two previous felony convictions.

Nevertheless, this case must be remanded to the trial court. At the time the habitual criminal proceeding was filed, Lewis County had a mandatory policy of filing habitual proceedings automatically when three or more prior felonies existed on a defendant's record. *State v. Pettitt,* 93 Wn.2d 288, 609 P.2d 1364 (1980); *State v. Barton,* 93 Wn.2d 301, 609 P.2d 1353 (1980). This violates the constitutional mandate that prosecutorial discretion in filing an habitual criminal proceeding must meet the requirements of procedural due process. *State v. Pettitt, supra; State v. Gilcrist,* 91 Wn.2d 603, 590 P.2d 809 (1979). This adjudication that defendant was an habitual offender cannot stand.

We remand this case with instructions *to the prosecuting attorney to use appropriate discretion to determine*

whether habitual proceedings should be filed against defendant.

UTTER, C.J., and BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.

ROSELLINI, J. (dissenting)—I concur in the majority opinion holding that there are two prior valid felony convictions for the purpose of declaring the defendant a habitual offender. I dissent to that part of the opinion which holds that the prosecutor is required to exercise his discretion in filing a habitual criminal information.

See my dissent in *State v. Pettitt*, 93 Wn.2d 288, 297, 609 P.2d 1364 (1980), for the reason this case should not be remanded.

In addition, the defendant in this case did not request either in his petition for review or in his argument on the merits that the case should be remanded.

The petition for review which was granted was on two issues: (1) Does conviction of the Oregon offense of unauthorized use of a vehicle constitute a conviction of a felony under the laws of the State of Washington? and (2) Does the record of the guilty plea and conviction of the Oregon offense of escape in the second degree as embodied in exhibit 7 reflect a sufficient showing of a knowing and voluntary waiver of the defendant's constitutional guaranty?

The brief of the defendant addresses only the above issues and does not suggest that the matter should be remanded on the habitual criminal charge.

The majority sua sponte remands the case, without discussion of whether the prosecutor violated his discretion in filing the habitual criminal information. It is evidently felt that this procedure is required under *State v. Pettitt*, *supra*.

On this record, if the rule is that the prosecutor must exercise discretion, then the prosecutor *would have abused his discretion if he had failed to so charge.*

The defendant was charged in Lewis County with the crime of escape in the second degree (count 1), and assault in the second degree (count 2). He was charged in another information with burglary in the second degree (count 1), theft in the second degree (count 2), theft in the first degree (count 3), and unlawful possession of a pistol by a felon (count 4).

The defendant entered a plea of guilty to the crimes of taking a motor vehicle without the owner's permission and assault in the second degree. All other charges were dismissed. The plea of guilty was entered with the full understanding that the State would file a supplemental sentencing information alleging habitual criminal status.

Let us examine the record. The trial court found that the defendant had been previously convicted of the following felonies: (1) unauthorized use of a vehicle on August 1, 1974, in Linn County, Oregon; (2) unauthorized use of a vehicle on August 1, 1974, in Linn County, Oregon; (3) burglary in the first degree on February 19, 1976, in Linn County, Oregon; and (4) escape in the second degree on April 14, 1977, in Marion County, Oregon.

The majority finds that the defendant was constitutionally convicted of two prior felonies to invoke the habitual criminal statute.

Although the crimes to which the defendant pleaded guilty cannot be considered for the purpose of filing a habitual criminal information, they can be considered by the prosecutor when deciding whether he should file the charge. He also has a right to consider the alleged acts which formed the basis of the criminal information, although some were dismissed on the defendant's plea of guilty. The prosecutor can determine from all the criminal activity of the defendant whether or not he is an individual who must be imprisoned for a period of time to protect society from his proclivity toward the commission of crimes against property and persons.

Under the circumstances, the prosecutor would have abused his discretion if he had failed to file a habitual criminal charge.

I would affirm.

WRIGHT, J., concurs with ROSELLINI, J.

STAFFORD, J., concurs in the result.