[No. 23586. Department One. March 8, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. ROY HANSON *et al., Appellants.*[1]

[1] Reported in 8 P. (2d) 1003.

*Newman H. Clark,* for appellant Hanson.

*Warren Hardy,* for appellant Webb.

*Robert M. Burgunder* and *C. M. Thiel,* for respondent.

MITCHELL, J.—Roy Hanson and Ted Webb were charged with the crime of assault in the second degree in that, on June 22, 1930, in King county, Washington, with fists, feet and some blunt instrument, they unlawfully and feloniously struck, beat, kicked and grievously wounded J. F. Kuykendall. The jury found them guilty of assault in the third degree. They have appealed from a judgment on the verdict.

The appellants appeared separately in a joint trial of the case, and have appeared by separate briefs in this court.

Through lack of knowledge or forgetfulness of rule VI (159 Wash. xxxv), appellants have failed to provide any abstract of the record, although the statement of facts contains nearly three times the minimum volume prescribed for an abstract.

Defendant Webb makes no assignment of error other than the giving of two instructions. However, from the record which has been furnished us by both Hanson and Webb, it does not appear that Webb made any motion for a new trial; nor did he give any notice of appeal. He has no appeal for our consideration.

As to Hanson's appeal, the testimony shows, as the jury had the right to see it, that the acts complained of occurred in Seattle; that Hanson and Webb, after a night of drinking with Kuykendall at Hanson's home, went early the next morning to Kuykendall's home, each going in his own automobile; and that, while Kuykendall and his wife were still asleep, Webb got into his room and violently beat and kicked Kuykendall while on his bed and then on the floor, during

which time Hanson with a drawn gun ordered Mrs. Kuykendall not to call the police.

The defendants then forced Kuykendall and his wife, not fully dressed, into the automobiles under threat of "taking him to the woods to finish him," and taking her along, as they said, to prevent her from getting the police. Kuykendall managed to get out of the automobile and attempted to escape, but was pursued by Webb, who knocked him down and kicked him and struck him with some kind of blunt instrument requiring the stitching by a surgeon of several wounds on the face and head. Mrs. Kuykendall followed out of the automobile, and on attempting to help her husband while being beaten by Webb, Hanson came up and said, "Let me over there, I will finish him."

After further beating by Webb, Kuykendall and his wife were forced back into the automobile for a continuation of the journey under directions of the defendants. They proceeded until interfering traffic afforded an opportunity for Kuykendall and his wife to get help, at which time the defendants escaped in their automobiles.

Under the first assignment of error, the argument is that the only degree of assault by appellant possible under the evidence, was assault in the second degree, on account of appellant pointing the gun at Kuykendall, of which degree of assault he was acquitted by the jury, and that the verdict of assault in the third degree was wholly unjustified. Again appellant is at least forgetful, this time of Rem. Comp. Stat., § 2260, to the effect that every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, is a principal, and shall be proceeded against and punished as such. The jury was so instructed in this

case, and under the evidence was at liberty to find Hanson guilty of assault the same as Webb, against whom the verdict of assault in the third degree was abundantly warranted by the evidence.

Other assignments of error relate to instructions to the jury. The first of such instructions was No. 6. Instead of referring to it as No. 6, counsel spoke of it as the one pertaining to a presumption arising from the infliction of grievous bodily harm, and in taking exception to it merely stated "I am excepting to that." Such exception, under all of our holdings, is entirely insufficient to authorize any discussion on appeal of the merits of the instruction.

Instruction No. 7 was upon the burden of proof of self-defense, and its relation to the general doctrine of reasonable doubt. The instruction is long, and need not be set out. Counsel in his brief presents several arguments with reference to the instruction, claiming that it was wrong, but in taking exceptions to it, he stated that it was correct in all respects except placing a burden on the defendant contrary to law. In that respect, the instruction was qualified and specifically saved to the defendant, and repeated for his benefit the doctrine of reasonable doubt, from and upon a consideration of all the evidence in the case. The language complained of was clearly justified by and within the rule of *State v. Turpin,* 158 Wash. 103, 290 Pac. 824, and cases therein cited.

Error is assigned in the brief on the giving of instruction No. 10. However, no exception was taken to it, nor is it discussed in the brief.

Affirmed.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.