[No. 33784.   Department Two.   August 1, 1957.]

THE STATE OF WASHINGTON, *Appellant*, v. DOUGLAS OLSON, *Respondent.*[1]

*John J. Lally* and *Frank H. Johnson*, for appellant.

*Lloyd T. Keogan* and *LeRoy C. Kinnie*, for respondent.

WEAVER, J.—The state appeals from an order dismissing its charge against respondent Douglas Olson entered at the close of the state's case.

The information, charging respondent and Herbert Paul Culbertson with the crime of second degree assault, alleges

[1] Reported in 314 P. (2d) 463.

"That the said defendants . . . in the county of Spo-kane, State of Washington, on or about the 26th day of January, 1956, then and there being, did then and there willfully, unlawfully and feloniously assault another, to-wit: Robert A. Horning, with a knife, said knife then and there being a weapon likely to produce bodily harm."

The record discloses that Herbert Paul Culbertson pleaded guilty to the charge and was sentenced to the peni-tentiary.

The facts, which the state introduced in evidence and which the jury may have believed, are these:

On the night in question, Mr. Horning was driving an automobile. There were four passengers: a woman in the front seat with Mr. Horning; respondent Olson, Mr. Cul-bertson, and a second woman in the rear seat. Mr. Horn-ing testified that, as they were driving along,

"Mr. Culbertson pulled a knife, and he put his arm around my neck and the knife up to my throat and told me to stop the car, or pull over, and I did."

The women left the car. When they returned, Mr. Horn-ing had moved to the right front seat; respondent to the driver's seat. Respondent drove the car. Mr. Horning tes-tified:

"He [Culbertson] had me by the top of the hair and bent over (indicating) and he had the knife on my throat, and he said, 'Just look ahead.' "

Mr. Culbertson and respondent discussed whether the car would "make it to Boise, Idaho." Respondent asked Mr. Horning if the gas gauge worked. Mr. Horning said that the car had "only a couple of gallons of gasoline" in it.

The women were let out of the car at a tavern. The three men, with respondent driving and Mr. Culbertson in the back seat, drove to the foothills outside of Spokane. Mr. Horning testified that

". . . he [Culbertson] had my head over behind the seat, and he had that razor or that knife across my throat."

Respondent stopped the car, got out, went around the car, and opened the right front door. Mr. Horning was or-

dered out of the car. The money taken from Mr. Horning and the beating administered to him by respondent and Mr. Culbertson are not material to the charge we are considering. Mr. Horning testified that respondent and Mr. Culbertson told him "to give them an hour or an hour and a half head start before I called the police."

At most, the evidence establishes that respondent aided and abetted the assault with a knife on Mr. Horning.

The trial court found that there was a fatal variance between the allegations of the information and the proof offered; and that the evidence and proof offered under the information, if allowed to stand, would be a direct violation of respondent's rights under the constitution to demand the nature and cause of the accusation against him.

The state's theory—that respondent is guilty of second degree assault, by aiding and abetting another in the commission of the crime, and may be charged as a principal— is based upon RCW 9.01.030, which reads as follows:

"Principal defined. Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, *or aids or abets in its commission,* and whether present or absent; and every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal, and *shall be proceeded against and punished as such.* The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him." Laws of 1909, chapter 249, § 8, p. 892. (Italics ours.)

Our disposition of this case is governed by the *rationale* of the rule established in *State v. Nichols,* 148 Wash. 412, 269 Pac. 337 (1928). Three defendants were charged with the crime of burglary. Two of them were tried together and convicted. One appealed, urging that the proof failed to show that he performed the physical act of breaking or unlocking the door. Therefore, he was not a principal as

charged, but, at most, an accessory before the fact, and should have been informed against as such; that there was a fatal variance between the proof and pleading; and that his motion for dismissal should have been granted.

The conviction was sustained. This court said:

"Here the three boys were engaged in a common escapade. All were immediately at the scene of the crime. The breaking by one was the act of each, so far as the matters of pleading and proof are concerned. All of them were principals. There was no variance between the pleading and proof. Appellant's motions were properly denied. This decision is in harmony with our recent cases. [Citing cases.]" (p. 416)

So far as the instant case is concerned, RCW 9.01.030, quoted *supra*, provides that every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, *aids or abets* in its commission, or counsels or encourages another to commit a felony, gross misdemeanor or misdemeanor, is a principal and "shall be proceeded against and punished as such."

We cannot agree with respondent's argument that the clause "shall be proceeded against and punished as such" does not permit charging an accused as a principal when he "aids or abets" or "counsels and encourages" the commission of the crime. One who may be punished as a principal may be "proceeded against" *as a principal* by indictment or information. To hold otherwise would do violence to RCW 9.01.030.

In *State v. Hanson*, 167 Wash. 111, 8 P. (2d) 1003 (1932), appellant and another were charged with assault. Under RCW 9.01.030 (then Rem. Comp. Stat., § 2260), appellant's conviction was affirmed, although the evidence disclosed that appellant did not physically assault the victim. His only active participation in the beating was the pointing of a gun at the victim's wife while his accomplice beat and kicked the victim. This court said that

". . . under the evidence [the jury] was at liberty to find Hanson [appellant] guilty of assault the same as Webb,

against whom the verdict of assault in the third degree was abundantly warranted by the evidence." (p. 114)

In *State v. Cooper*, 26 Wn. (2d) 405, 174 P. (2d) 545 (1946), appellant and a codefendant were charged and convicted of murder in the first degree. The information charged and the evidence disclosed that the actual shooting had been done by the codefendant. It appeared from the evidence that the appellant had aided and abetted in the commission of the crime. He argued, as does the respondent in the instant case, that the information did not charge him with aiding, assisting, abetting, advising, encouraging, or counseling the perpetration of the alleged crime, and that there was a variance between the information and proof, because he was not put on notice of any such charge or that any such testimony would be offered.

This court said:

"There was no variance between the information and the state's evidence, which showed that the appellant both hired Mitchell to kill Foley and accompanied him and Foley on the latter's death ride. Every person implicated in the commission of a felony as an accessory is a principal and is to be proceeded against as such. The prosecuting attorney, in drawing up an information, is not bound to elect between charging a defendant as a principal or as an accessory before the fact. Under the terms of the statute, he may ask for a verdict of guilty if the evidence is sufficient to satisfy the jury upon either theory. *People v. Latona*, 2 Cal. (2d) 714, 43 P. (2d) 260. He may charge all defendants as principals, and, except in an unusual situation such as that presented in *State v. Gifford, supra* [19 Wash. 464, 53 Pac. 709; information charged rape; evidence showed defendant was a procurer], the defendants are thereby sufficiently put upon notice as to the nature of the charge." (p. 412)

From the evidence, which the jury may have believed or disbelieved, it appears that respondent and Culbertson were engaged in a common escapade. Respondent drove the car while Culbertson committed the assault. They were acting in concert. Under the statute, the assault of Mr. Horning with a knife was the act of each in so far as the matter of pleading and proof are concerned. Both were

principals. There was no variance between the information and the proof.

The information was sufficient to put respondent on notice as to the nature of the charge against him, so that his constitutional rights under the Washington constitution, Art. I, § 22, as amended by the tenth amendment, were not violated. *Hunter v. State*, 47 Ariz. 244, 55 P. (2d) 310 (1936).

The trial court erred when it dismissed the charge against respondent at the close of the state's case. The judgment of dismissal is reversed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and ROSELLINI, JJ., concur.