[No. 40277. Department One. April 3, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. QUINCY HILL BROWN, *Appellant.*\*

*Elwood Hutcheson,* for appellant.

*Lincoln E. Shropshire* and *F. James Gavin,* for respondent.

PER CURIAM.—Quincy Hill Brown was convicted of the crime of robbery, and has appealed from entry of the judgment and sentence based upon the jury's verdict. Her assignments of error basically allege: (1) the evidence was insufficient to sustain a conviction; (2) it was error not to instruct the jury regarding the *amount* of money allegedly taken; and (3) she was not adequately advised of the charges against her, for although she was charged as a principal, the jury was instructed that a person who *aids or abets* in the commission of a felony is guilty as a principal.

■ With regard to appellant's first contention, our review of the record discloses sufficient direct evidence to take the case to the jury and substantial evidence to support the jury's verdict. *State v. Mudge,* 69 Wn.2d 861, 420 P.2d 863 (1966). Appellant's second contention, that the

*Reported in 452 P.2d 958.

jury should have been instructed that it was necessary for the state to prove the amount of money stolen, is without merit. RCW 9.75.010 requires as one of the elements of robbery the taking of personal property, without regard to its value, and this court has held that the value of property taken is not an element of the crime of robbery. *In re Bailleaux*, 26 Wn.2d 60, 173 P.2d 122 (1946).

█ Finally, we find appellant's third contention also to be without merit. RCW 9.01.030 provides in part that a person who aids or abets in the commission of a felony "is a principal, and shall be proceeded against and punished as such." This statute directs an aider or abettor to be charged as a principal, and such an information was sufficient to put appellant on notice as to the nature of the charge against her. *State v. Olson*, 50 Wn.2d 640, 314 P.2d 465 (1957).

The judgment is affirmed.

July 25, 1969. Petition for rehearing denied.