[No. 40221. Department One. July 10, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. RAYMOND FRAZIER, *Appellant.*\*

*Velikanje, Moore & Countryman,* by *Morris G. Shore,* for appellant (appointed counsel for appeal).

*Lincoln E. Shropshire* and *Bruce E. Schultheis,* for respondent.

\*Reported in 456 P.2d 352.

WEAVER, J.—Defendant appeals from a judgment and sentence entered after a jury had returned a verdict. finding him guilty of robbery.

The information filed against defendant is definite.[1] It described date, place of occurrence, from whom the money was stolen, and details of the alleged robbery defendant was accused of perpetrating.[2] It is beyond dispute that defendant was informed of and knew of that with which the state charged him. The state's information did not mislead either defendant or his counsel.

Mr. Minor, the complaining witness, testified that late in the evening of October 29, 1967, he procured the services of a young woman—later identified as Quincy Hill Brown— for an illicit relationship for which he paid her $15. They retired to her apartment. She left the room on several different occasions. When she returned the last time, Mr. Minor testified that he heard footsteps on the stairs and someone—later identified as defendant—tried to enter the bedroom.

As defendant forced his way into the room, he grabbed Mr. Minor by the right wrist and said, "No white man will mess around with my wife." Defendant and Quincy Hill Brown were not husband and wife. Defendant then said, "Get out of here. Give him his pants. Give him his pants."

[1] RAYMOND FRAZIER, on or about the 29th day of October, 1967, within Yakima County, Washington, with intent to deprive the owner thereof, did willfully, unlawfully and feloniously, then and there take from the presence of Edward M. Minor, and against his will, certain personal property, to-wit: the sum of approximately $200, lawful money of the United States of America, the personal property of Edward M. Minor, which said property was then and there within the lawful custody and control of the said Edward M. Minor, by means of placing the said Edward M. Minor in fear of immediate injury to his person, by then and there aiming at and exhibiting to the said Edward M. Minor a .22 caliber pistol and commanding that he make no resistance to said taking, which putting in fear was used to obtain possession of said property and to prevent and overcome any resistance to said taking, contrary to the statutes in such case made and provided, and against the peace and dignity of the State of Washington.

[2] Defendant had been charged with using a weapon during the alleged robbery. The jury, however, answered a special interrogatory in the negative upon this issue.

At this point, Mr. Minor saw the young woman sitting on the bed going through his billfold.

Mr. Minor grabbed his pants, shoes and jacket and left the building. Defendant made sure that Mr. Minor left; he accompanied him for about a block and a half. Mr. Minor contacted the police. They immediately converged on the house. Defendant was arrested. Hidden in the upstairs apartment of Quincy Hill Brown was Mr. Minor's wallet, his money, necktie, cigarette lighter, and his hotel key.[3]

Defendant assigns error to instruction No. 11 given by the trial court.

> You are instructed that every person concerned in the commission of a felony, whether he directly commits the acts constituting the offense, or aids and abets in its commission, is a principal and may be proceeded against as such, and if you find from the evidence in the case beyond a reasonable doubt that a robbery was committed as alleged in the Information, and that the defendant, RAYMOND FRAZIER, participated in such robbery, or knowingly and willfully aided or abetted, counseled or encouraged in its commission, then the defendant, RAYMOND FRAZIER, would be guilty of robbery as alleged.

> You are further instructed that to aid and abet may consist of words spoken or acts done for the purpose of assisting in the commission of the crime or of encouraging its commission.

Defendant argues that since he was charged alone it was error to give the aiding and abetting instruction for it (1) constituted an improper and unconstitutional variance from the allegations of the information, and that (2) the evidence did not warrant giving the instruction.

RCW 9.01.030[4] provides that every person concerned in

---

[3]Quincy Hill Brown's conviction of robbery has been affirmed. *State v. Brown*, 75 Wn.2d 611, 452 P.2d 958 (1969).

[4]RCW 9.01.030. "Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor, is a principal, and shall be proceeded against and punished as

the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent, is a principal and *shall be proceeded* against and punished as such. The statute eliminates the technical distinctions of accessory before and after the fact of the common law.

■ It is fundamental that an accused has the right to demand and must be informed of the nature and cause of the accusation against him. U. S. Const., amend. 6; Const. art. 1, § 22 (amendment 10). He cannot be accused of one crime and convicted of another. Such is *State v. Gifford,* 19 Wash. 464, 53 P. 709 (1898), upon which defendant places emphasis and reliance.

■ In *Gifford,* the information charged defendant with the crime of rape and set forth that the crime was committed by carnal knowledge of a female under the age of 18. It was developed at the trial that the information did not inform defendant of the nature or cause of the accusation against him as is required by the constitution. There was no proof that defendant committed rape; he had acted as a procurer. It is apparent that the information did not furnish the defendant with notice that proof would be offered charging him with procuring others to commit the crime of rape upon the prosecuting witness. In reversing defendant's conviction the court said:

[I]t is not the policy of the law to compel persons charged with a crime to enter upon their defense without knowledge of the character of proof which they will be compelled to meet.

The aiding and abetting statute could not save the situation. To use it to do so would clearly violate constitutional requirements, for the information still did not inform de-

such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him."

fendant of the circumstances upon which the state relied for conviction.

Subsequent decisions of this court have restricted *Gifford* to those situations in which the court recognizes that the charge as a principal under the aiding and abetting statute cannot be sustained if the evidence does not tend to establish that defendant was involved in the crime *charged*. The best example is *State v. Nichols*, 148 Wash. 412, 269 P. 337 (1928), in which the court said:

> If one is charged with a criminal act which the state's proof shows it was impossible for him to have committed, he has nothing to answer, . . .

RCW 9.01.030 permits the state to charge defendant as a principal. In the circumstances of the instant case, we fail to see how the information against defendant, framed in the salient facts of the charge of robbery, could have misinformed him of the nature and cause of the accusation against him. In view of the statute, it was not error for the court to give instruction No. 11, *supra*.[5]

There is no unconstitutional variance here.

We do not agree with defendant's contention that the evidence did not warrant giving instruction No. 11. The proof, if believed by the jury, established that the robbery took place; that defendant was present at the scene; that defendant accused Mr. Minor of "messing around" with his wife when the woman involved was not his wife; that defendant rushed Mr. Minor from the house and made certain that he left the neighborhood. There was sufficient evidence to support the jury's conclusion that defendant aided and abetted the commission of the crime.

The judgment is affirmed.

FINLEY, ROSELLINI, and HALE, JJ., and STAFFORD, J. Pro Tem., concur.

---

[5]We are aware of *State v. McCaskey*, 55 Wn.2d 329, 347 P.2d 895 (1959), wherein the court quotes from an early Kentucky case indicating a rule contrary to the conclusion we reach. We deem the quotation dictum and not necessary to the decision in *McCaskey*.