[No. 2066–3. Division Three. September 15, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. SHIRLEY CLEMAN, *Appellant.*

496

*Roland L. Skala* and *Weeks, Buren, Thorner & Dietzen,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Kip B. Kendrick, Deputy,* for respondent.

CLARKE, J.*—Defendant Shirley Cleman was originally charged with six counts of grand larceny by check and one count of aiding and abetting grand larceny by check. After a trial by jury defendant was convicted of four counts of grand larceny by check and one count of aiding and abet-

*Judge Harold D. Clarke is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

ting grand larceny by check and she now appeals that conviction.

This case was tried jointly with a case brought by the State against defendant's husband, Charles Cleman, who was charged with one count of aiding and abetting grand larceny by check and one count of grand larceny by check. Mr. Cleman was acquitted on both charges.

The checks in question were written on account No. 527–217 of the Pacific National Bank in Tacoma, Washington, the account having been opened on August 4, 1974, and was closed on July 14, 1975, after having been overdrawn. The account was then reopened on September 8, 1975, and was subsequently closed within a short time thereafter due to overdrafts. It appears that Mr. and Mrs. Cleman were traveling extensively during the time period in question from September to late December 1975. There was testimony to indicate that the bank had sent notices of the overdrafts during this time period in addition to the regular account statements showing the status of the account, but Mrs. Cleman denied receiving any such notification.

In addition Mrs. Cleman testified that she and her husband presented a $10,000 cashier's check to an officer of the bank in question and asked that one–half of this amount be deposited in the subject's account. The testimony of the banker in question indicates that the check was not delivered to him although there was some conversation regarding the check and the fact that it may have been misplaced or stolen.

In this appeal defendant raises four assignments of error as follows: (1) That the trial court erred in denying her motion to dismiss one of the counts on the grounds there was insufficient evidence to show that she received any property for the check; (2) That the trial court erred in allowing testimony concerning the exhibition of a green postal return receipt card; (3) That the trial court erred in denying her motion for a judgment notwithstanding the verdict because if her husband was acquitted as a principal

on one check she cannot be convicted as an aider and abettor on the same check; and (4) That the trial court erred in admitting a letter from the bank to the defendant because it was irrelevant and there was almost conclusive proof that it had not been received. Defendant asks that the charges against her be dismissed with prejudice or in the alternative that she be granted a new trial.

It appears that defendant's contention as to her first assignment of error is not well taken. There was testimony introduced from the store manager where the check was cashed that it was a policy of his employer not to accept checks for cash under any circumstances. The amount of the check itself would indicate that it was written for something other than cash. Mr. Davidson, the manager of the store in question, has been employed by the owners of the store for a total period of some 10 1/2 years and he testified explicitly concerning the store procedure as it relates to the cashing of checks.

While his testimony indicated that he did not personally witness the transaction in question, his testimony was clear as to the store policy in this regard.

There was sufficient direct and circumstantial evidence in the record to present this charge to the jury. The elements of a crime may be established by either type of evidence and neither is more or less reliable that the other. *State v. Gosby,* 85 Wn.2d 758, 539 P.2d 680 (1975). There must be substantial evidence, *i.e.,* that quantum of evidence necessary to establish circumstances from which the jury could reasonably infer the fact to be proved. *State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971).

There appears to be sufficient evidence from the testimony of the store manager in this case for the jury to conclude that the defendant received some property for the check and her contention is not well taken.

There was considerable discussion as indicated from the record between counsel and the court regarding the green postal receipt card marked for identification as State's No. 13. The exhibit was withdrawn and the court instructed the

jury that it had nothing to do with the case and that they were to disregard it and all testimony concerning it. Further testimony from one of the bank's witnesses indicated that none of the return cards attached to notices sent to the defendant had been received back by the bank.

In light of the court's curative instruction and the testimony of the witness, both on direct and cross-examination, that there was no evidence that the defendants had ever received a letter from the bank, it is difficult to see what, if any, prejudice resulted to the defendants under these circumstances.

The defendant's husband, Charles Cleman, was acquitted on the charge of grand larceny by check that gives rise to the third assignment of error raised by the defendant. Testimony concerning the check in question indicates that the defendant attempted to write two checks which were not accepted by the store manager and that finally the store manager wrote out the particular check in question and had the husband sign it. The defendant and her husband obtained suede coats through the check and there was some evidence that both were intoxicated at the time of the transaction.

The defendant is correct in contending that the law in this state is unclear as to whether an accomplice can be convicted where the alleged principal actor is acquitted. However, there are two recent decisions which seem to give this court some guidelines in connection with the factual situation presented.

The first is *State v. Carothers,* 84 Wn.2d 256, 525 P.2d 731 (1974). In that case the court said at page 260:

> The law is settled in this jurisdiction that a verdict may be sustained upon evidence that the defendant participated in the commission of the crime charged, as an aider or abettor, even though he was not expressly accused of aiding and abetting and even though he was the only person charged in the information. *State v. Frazier,* 76 Wn.2d 373, 456 P.2d 352 (1969); *State v. Brown,* 75 Wn.2d 611, 452 P.2d 958 (1969). Dictum in *State v. McCaskey,* 55 Wn.2d 329, 347 P.2d 895 (1959), indicating

that this court subscribes to the view that when only one person has been indicted for a felony he cannot be convicted of aiding and abetting, was impliedly disavowed in *State v. Brown, supra,* and was expressly rejected in *State v. Frazier, supra.* That view is out of harmony with the expressed intent of RCW 9.01.030, which provides, *inter alia,* that every person concerned in the commission of a felony, whether he directly commits the act constituting the offense or aids and abets in its commission, is a principal and shall be proceeded against and punished as such.

More closely to the point is *State v. Taplin,* 9 Wn. App. 545, 513 P.2d 549 (1973), where the concurring and dissenting opinions discuss at length the problems presented in an aiding and abetting case. Judge Callow, in his concurring opinion, states at page 552:

> Secondly, the old chestnut that one cannot aid and abet himself ignores the purpose of the statute. I conceive this purpose to be to eliminate the necessity of proving the existence or identity of a principal–perpetrator of the crime charged (the existence of "another") *if* the elements of the crime are proven, and it is also proven that the defendant was *"concerned"* in its commission. The statutory purpose is to clarify that criminal responsibility exists from culpable involvement as defined under the statute.

The statute does not eliminate the necessity of proving the elements of the crime but only that the defendant was the actual perpetrator. *State v. Taplin, supra* at 551 (Callow, J., concurring).

While there must be evidence that a crime was committed there does not appear to be a necessity that the actual perpetrator be convicted in order to sustain a conviction for aiding and abetting. The distinction between principals and accomplices has been abrogated by statute and RCW 9.01-.030 has been construed as establishing a substantive offense. There is sufficient evidence in this case to find the defendant was an aider and abettor to the particular check.

The defendant claims the trial court erred in admitting State's identification No. 12, a letter purportedly sent to

defendant by registered mail indicating that the account was closed. The jury was not instructed that the mere mailing of State's identification No. 12 created a presumption that it had been received. The letter was evidence of one instance out of several through which the defendant might have received notification that her bank account was closed and is, therefore, evidence which was relevant to the case.

■ The court is guided by the language found in *Chase v. Beard*, 55 Wn.2d 58, 61, 62, 346 P.2d 315 (1959):

> Whether evidence is relevant is within the discretion of the trial court. There are no precise rules. Each case depends upon its own circumstances and the relation of such facts to the ultimate issue.
>
> ". . . All facts are admissible in evidence which afford reasonable inferences or throw any light upon the contested matter. Relevancy means the logical relation between proposed evidence and the fact to be established. . . ." *Keisel v. Bredick*, 192 Wash. 665, 74 P. (2d) 473.
>
> All facts which support a reasonable inference on a contested matter and any circumstance whereby an alleged fact may be proved or disproved are relevant. *Page v. Spokane City Lines, Inc.*, 51 Wn. (2d) 308, 317 P. (2d) 1076; *Bloomquist v. Buffelen Mfg. Co.*, 47 Wn. (2d) 828, 289 P. (2d) 1041.

It is the court's opinion that the evidence in question was relevant to the issues that were properly before the jury and the objection goes to the weight of the evidence rather than to its admissibility, and it was not error for the court to admit this exhibit.

Judgment is affirmed.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied October 25, 1977.

Review denied by Supreme Court April 7, 1978.