[No. 34376-9-I. Division One. July 31, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. MISTY RODRIGUEZ, *Appellant.*

*Kathryn A. Russell*, for appellant.
*Carol Jean Murray*, for respondent.

COLEMAN, J. — In this case we are asked to decide whether a defendant who is found guilty of a crime under the current accomplice liability statute has been sufficiently apprised of the nature of the charges against her when the information charged her only as a principal. Although such circumstances did not violate due process under the former accomplice liability statute, Misty Rodriguez argues that the statutory approach to accomplice culpability has changed, requiring reevaluation of the issue. We find that the premise underlying accomplice liability has not changed and affirm Rodriguez's conviction. Because the parties agree that the juvenile court improperly ordered community supervision, we vacate that portion of Rodriguez's disposition.

On April 16, 1993, Misty Rodriguez, who was 16 at the time, confronted and threatened Stephanie Morgan at the apartment complex where they both lived. Rodriguez, Cylyna Perez, and a couple other friends returned to the

apartment complex later that evening and assaulted Morgan, stabbing her in the back four times with a knife. Rodriguez was charged with second degree assault as follows:

That the respondent, Misty Rodriguez, in King County, Washington, together with others, on or about 16 April 1993, did assault Stephanie Mor[g]an, with a deadly weapon, to-wit: a knife, and did intentionally assault Stephanie Mor[g]an, thereby recklessly inflicting substantial bodily harm on Stephanie Mor[g]an;

Contrary to RCW 9A.36.021(1)(a), (1)(c) and against the peace and dignity of the state of Washington.

The juvenile court found that Rodriguez and Perez intended to inflict substantial bodily harm on Morgan and that Rodriguez knew that Perez had a knife available. The court further found that "[b]oth Rodriguez and Perez used a knife to stab Morgan in the back, and Rodriguez was an accomplice to Perez using the knife". Concluding that Rodriguez was guilty of second degree assault, the court imposed a standard range disposition, committing Rodriguez to the Division of Juvenile Rehabilitation for 21 to 28 weeks. The court also ordered an unspecified amount of community supervision, which was not a part of the standard range disposition.

■■ Rodriguez argues that the information failed to advise her that she would be subject to accomplice liability. An accused has a constitutional right to be informed of the nature of the charges against him or her. Washington courts have held that this right is not violated when a defendant is found guilty as an accomplice even though the information did not expressly charge aiding or abetting or refer to other persons. *See, e.g., State v. Davenport*, 100 Wn.2d 757, 764-65, 675 P.2d 1213 (1984); *State v. Carothers*, 84 Wn.2d 256, 260, 525 P.2d 731 (1974), *overruled on other grounds, State v. Harris*, 102 Wn.2d 148, 685 P.2d 584 (1984); *State v. Frazier*, 76 Wn.2d 373, 375-77, 456 P.2d 352 (1969); *State v. Thompson*, 60 Wn. App. 662, 666, 806 P.2d 1251 (1991).

This rule was formulated under former RCW 9.01.030 (1974), which provides: "*Every person* concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person *who directly or indirectly counsels, encourages, hires, commands, induces or otherwise procures* another to commit a felony, gross misdemeanor or misdemeanor, *is a principal, and shall be proceeded against and punished as such . . .".

(Italics added.) *Frazier*, at 375-76 n.4. The courts continued to apply the rule after the current accomplice liability statute was enacted in 1975. The current statute reads as follows:

**Liability for conduct of another—Complicity.** (1) A person is guilty of a crime if it is committed by the conduct of another person for which he is legally accountable.

(2) A person is legally accountable for the conduct of another person when:

. . .

(c) He is an accomplice . . . .

(3) A person is an accomplice . . . if:

(a) With knowledge that it will promote or facilitate the commission of the crime, he

(i) solicits, commands, encourages, or requests such other person to commit it; or

(ii) aids or agrees to aid such other person in planning or committing it[.]

RCW 9A.08.020.

 Rodriguez contends that continued application of the rule is improper because the statutory approach to accomplice liability has changed, arguing that the current statute no longer equates accomplice liability with principal liability. This argument is unconvincing. The basic premise of accomplice liability remains unchanged: The same criminal liability attaches to a principal and his accomplice because they share equal responsibility for the

substantive offense. *See, e.g., State v. Silva-Baltazar*, 125 Wn.2d 472, 480, 886 P.2d 138 (1994) ("The complicity rule in Washington is that any person who participates in the commission of the crime is guilty of the crime and is charged as a principal".); *Frazier*, at 375-77; *State v. Graham*, 68 Wn. App. 878, 881, 846 P.2d 578, *review denied*, 121 Wn.2d 1031 (1993). *See also* Joshua Dressler, *Reassessing the Theoretical Underpinnings of Accomplice Liability: New Solutions to an Old Problem*, 37 Hastings L. J. 91, 96-98 (1985). Our Supreme Court has noted that the current statute continues to equate accomplice and principal accountability for crimes, although it no longer mandates equal punishment. *State v. McKim*, 98 Wn.2d 111, 116, 653 P.2d 1040 (1982).

As the official comment to the Model Penal Code provision[1] on accomplice liability explains, the current statutory approach

> differentiates the different modes of complicity in a crime for the purpose of developing their content. It does not, however, contemplate that such distinctions should have procedural significance. As in the states that have abolished the common law distinctions between principals and accessories, it would suffice under this draft to charge commission of the substantive crime. It seems unnecessary, however, in framing an entire system to declare that the offender is a "principal"; such language has meaning only because of the special background of the common law and it has been abandoned in most recent legislative reforms [citing RCW 9A.08.020].

(Footnotes omitted.) *Model Penal Code* § 2.06 cmt. 1, at 299 (1985). As Rodriguez's counsel conceded, charging documents under the former statutory scheme provided no greater and no different notice of accomplice liability than the information challenged here.

We conclude that the change in statutory language is insignificant for purposes of this analysis. Because the nature of the statute and notice provided remain the same,

---

[1]RCW 9A.08.020 is substantially similar to Model Penal Code section 2.06.

the rule that an information which charges an accused as a principal adequately apprises him or her of potential accomplice liability applies with equal force under the current statute. *Accord Commonwealth v. Munchinski*, 401 Pa. Super 300, 585 A.2d 471, 482 (1990) (holding conviction as accomplice proper under Model Penal Code language even though charged only as a principal), *appeal denied*, 529 Pa. 618 (1991).

In accordance with the request of both Rodriguez and the State, we vacate the order of community supervision. The judgment and sentence are affirmed in all other respects.

GROSSE and WEBSTER, JJ., concur.

Reconsideration denied September 6, 1995.

Review denied at 128 Wn.2d 1015 (1996).