[No. 34663-6-I. Division One. August 19, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL ANGELO MOLINA, JR., *Appellant*.

*Melissa D. Johnson De Groff* of *Washington Appellate Project,* for appellant.

*James H. Krider, Prosecuting Attorney,* and *Connie M. Crawley, Deputy,* for respondent.

BAKER, C.J. — Michael Molina appeals convictions for three counts of first degree robbery with a deadly weapon. When a robbery occurs in a commercial establishment, multiple counts are justified only where there is a separate taking from each employee. Nevertheless, Molina was convicted of two robberies because he took money from one cash register in the presence of two employees. Because Molina was therefore subjected to double jeopardy, we reverse and remand to the trial court to strike one count and resentence.

## FACTS

Molina and Ruiz robbed a fast food restaurant. Ruiz pointed a gun at the manager, Schneider, and forced him to walk to the back office, open the safe, and hand him money (count 1). While Ruiz was occupied with the manager, Molina pointed a gun at Reichmuth, the cook, and ordered her to open the cash registers and empty the contents into his bag. Reichmuth had no duties related to money and no access to the cash registers. Because Reichmuth could not comply, her supervisor stepped forward with the register keys and followed Molina's orders (counts 2 and 3).

## DOUBLE JEOPARDY

■■ The constitutional prohibition against double jeopardy prevents multiple punishments for the same crime.[1] Washington uses the "same evidence" test to determine whether multiple punishments place a defendant in double jeopardy. Under this test, double jeopardy occurs where the offenses are identical both in fact and in law.[2] Because counts 2 and 3 are identical in law—both are first degree robberies—we must determine whether they are the same in fact.

---

[1]*State v. Johnson*, 48 Wn. App. 531, 534, 740 P.2d 337, *review denied*, 109 Wn.2d 1011 (1987).

[2]*State v. Calle*, 125 Wn.2d 769, 777, 888 P.2d 155 (1995).

■ When robbery occurs in a commercial establishment, multiple counts are identical in fact when the victims exercise joint control over the property taken but there is no separate taking from each individual.[3] To hold otherwise would unjustly base the number of convictions on the number of employees present during a robbery.[4] Multiple convictions are proper where a bank robber takes money from each of several tellers.[5] In contrast, a single taking from multiple victims may justify multiple counts where the victims each owned an undivided share in the property.[6] Here, Molina took their employer's property from two employees, but took it only once. Therefore, the State relied on the same fact—the single taking—to prove both crimes. Because Molina committed only one robbery, we reverse and remand to strike the extra count.

Although we hold in Molina's favor, we reject his argument that counts 2 and 3 were the same in fact because Reichmuth had no dominion and control over the stolen cash. This argument is actually a challenge to the sufficiency of the evidence, and is addressed separately below.

## SUFFICIENCY OF THE EVIDENCE

■ To satisfy the elements of robbery, the defendant must take the property from the owner or someone who has dominion or control over it.[7] Molina posits that because Reichmuth had no money-related duties or access to the cash register, she did not exercise dominion and control over the stolen funds. We do not agree that Reichmuth's control over the stolen property was defined by the nature of her duties. As an employee, Reichmuth had "implied responsibility of exercising control over the

---

[3]*Johnson*, 48 Wn. App. at 535-36.

[4]*Johnson*, 48 Wn. App. at 536.

[5]*State v. Rupe*, 101 Wn.2d 664, 683 P.2d 571 (1984), *cert. denied*, 486 U.S. 1061 (1988).

[6]*State v. Larkin*, 70 Wn. App. 349, 354-57, 853 P.2d 451 (1993).

[7]*Larkin*, 70 Wn. App. at 354-55.

employer's property as against all others."[8] To hold otherwise would mean that if Reichmuth was the only employee present during the crime, no robbery would occur. Therefore, the implied control of any individual employee would be sufficient to support a robbery charge, but unless there is a physical taking from more than one employee, multiple counts cannot be pursued.[9]

## ACCOMPLICE LIABILITY

The information charged Molina with principal liability for the three robberies, but the trial court also gave an accomplice liability instruction to the jury. Molina now argues for the first time that his due process right to be informed of the charges against him was violated by the lack of notice of potential accomplice liability in the information. Accordingly, he contends that the trial court erred when it instructed on accomplice liability and entered judgment against him on count 1.

■ After Molina filed his briefs, we handed down an opinion squarely addressing this issue. We held that because there is no distinction between principal and accomplice liability under Washington law, the charging of one theory adequately apprises the defendant of his liability for the other.[10] Therefore, an information does not violate due process if it omits a specific reference to accomplice liability.[11] Accordingly, we hold that even if Molina preserved this issue for review, his argument has no merit.

Reversed.

---

[8]*State v. Blewitt*, 37 Wn. App. 397, 399, 680 P.2d 457 (1984), *review denied*, 103 Wn.2d 1017 (1985).

[9]We need not decide whether a charge of attempted robbery would lie based on the confrontation with Reichmuth.

[10]*State v. Rodriguez*, 78 Wn. App. 769, 773-74, 898 P.2d 871 (1995), *review denied*, 128 Wn.2d 1015 (1996), *citing* RCW 9A.08.020 and *State v. McKim*, 98 Wn.2d 111, 116, 653 P.2d 1040 (1982).

[11]*Rodriguez*, 78 Wn. App. at 771.