**FILED**
**JUNE 12, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35182-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RICARDO MIGUEL MALDONADO, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Ricardo Maldonado appeals after a jury found him guilty of attempted murder in the second degree, with a special verdict finding that he committed the crime while armed with a firearm.

After the parties rested, the State requested the trial court to instruct the jury on an uncharged theory of accomplice liability. The trial court granted the State's request over Maldonado's objection. Maldonado did not ask to reopen his case.

On appeal, Maldonado argues the late assertion of accomplice liability deprived him of his constitutional rights to effective assistance of counsel and to present a defense. We disagree and affirm.

FACTS

On July 26, 2016, Ricardo Maldonado traveled by car with his friends Raul

Madrigal, Leonardo Corona Venegas, and Diego Rivera.  The four stopped at some grain

elevators.  While Rivera was urinating and had his back turned, one of his friends shot

him eight times.  Rivera survived, but is now paralyzed from his waist down.

Based on statements made by Madrigal to police, the State charged Maldonado

with attempted first degree murder while armed with a firearm.

At trial, Madrigal testified he saw Maldonado fire the gun and then hand the gun to

Venegas.  According to Madrigal, Venegas tried to shoot Rivera but the gun was empty.

Venegas then complained to Maldonado that he had used all the bullets.

Rivera testified differently.  He testified he turned around after he felt the second

bullet and saw Venegas shooting.  According to Rivera, Venegas then handed the gun to

Maldonado, and Maldonado tried to shoot it.

Both men's testimonies matched their statements to police and the discovery

provided by the State to Maldonado.  Maldonado thoroughly questioned the State's

witnesses.

After both sides rested, the State asked the trial court to instruct the jury on

accomplice liability.  Defense counsel objected.  He argued such an instruction would be

an "unfair surprise," and that "there is probably more testimony I could have gotten out of the [State's] witnesses as to whether they saw [Maldonado] do anything to be considered even an accomplice." Report of Proceedings (RP) at 329.

The State responded that there was no credible evidence of unfair surprise, partly because the witnesses testified "consistent with what they told the police and in the interviews." RP at 330. The State further argued:

> [W]e all knew that [Madrigal] was going to say the defendant shot first and we all knew that [Rivera] was going to say [Venegas] shot first. So there is no surprise there. . . . [W]e're now going to be looking at jury instructions and for the State to [argue] that accomplice is a potential theory.

*Id.*

The trial court agreed with the State and also reasoned that being an accomplice was not an element of the crime charged. For these reasons, the trial court instructed the jury on accomplice liability.

The jury thereafter found Maldonado guilty of the lesser included offense, attempted second degree murder, and also found by special verdict that he was armed with a firearm at the time of the shooting.

Maldonado now appeals.

ANALYSIS

A.      EFFECTIVE ASSISTANCE OF COUNSEL

Maldonado argues that by giving an accomplice liability instruction, the trial court violated his right to effective assistance of counsel under article I, section 22 of the Washington Constitution. His claim is based on two arguments. His first argument is accomplice liability was a new theory, "tantamount to an amendment to the charges." Br. of Appellant at 8. His second argument is that he was deprived of an opportunity to cross-examine the State's witnesses.

> 1.      *Permitting accomplice liability to be argued by the State was not an amendment to the charge*

"[A]n information that charges an accused as a principal adequately apprises him of his potential liability as an accomplice." *State v. Lynch*, 93 Wn. App. 716, 722, 970 P.2d 769 (1999). A defendant's constitutional right to be informed of the nature of the charges is not violated when the defendant is found guilty as an accomplice even though the information does not mention aiding and abetting or other persons involved. *State v. Rodriguez*, 78 Wn. App. 769, 771, 898 P.2d 871 (1995). For these reasons, the trial court's instruction did not constitute an amendment to the charge nor did it cause a constitutional lack of notice.

> 2. *Maldonado was not deprived of his right to cross-examine the State's witnesses*

Defense counsel thoroughly cross-examined the State's witnesses. Although Maldonado objected to the instruction, he never explained to the trial court what evidence he failed to obtain from the State's witnesses. The fact that he did not ask to reopen his case strongly suggests there was nothing pertinent to add to his defense.

B.    RIGHT TO PRESENT A DEFENSE

Maldonado claims that the accomplice jury instruction deprived him of his right to present a defense under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. We disagree.

In *State v. Jones*, 168 Wn.2d 713, 724-25, 230 P.3d 576 (2010), the Supreme Court held that the Sixth Amendment and article I, section 22 are violated when a trial court's evidentiary rulings deny a defendant his right to present a defense. *Jones* has no application here.

In the present case, the trial court did not prevent Maldonado from calling any witness or presenting any testimony favorable to his defense. It simply permitted the State to argue a theory that was consistent with the evidence. As the State correctly argues, "The defendant's right to present a defense is not a right to prevent the State from making its case." Br. of Resp't at 14.

No. 35182-3-III
*State v. Maldonado*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____      _____
Korsmo, J.                          Pennell, J.

6