**CITIMORTGAGE, INC. V. GARFIELD**

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**CITIMORTGAGE, INC.,**
**Plaintiff-Appellee,**
**v.**
**JOHN DAVID GARFIELD,**
**Defendant-Appellant**
**and**
**SALLY G. GARFIELD,**
**Defendant.**

Docket No. A-1-CA-37039
COURT OF APPEALS OF NEW MEXICO
March 12, 2019

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY, David K. Thomson, District Judge

### COUNSEL

Collinsworth, Specht, Calkins & Giampaoli, Ryan P. Swartz, Phoenix, AZ, for Appellee

John David Garfield, Santa Fe, NM, Pro Se Appellant

### JUDGES

LINDA M. VANZI, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** This is the second appeal in this foreclosure action. *See Citimortgage v. Garfield*, No. A-1-CA-35838, mem. op. (N.M. Ct. App. Jun 5, 2017) (non-precedential). In the prior appeal, this Court affirmed the Plaintiff's standing to enforce the note and mortgage underlying this suit. *Id.* ¶ 5. Nonetheless, on remand, the district court entered

an order purporting to dismiss this action with prejudice. [RP 622] No party to this appeal has explained—either here or below—how the district court could have properly entered a dismissal of this case following our mandate in the prior appeal.

**{2}**    Nonetheless, in this second appeal, Defendant challenges the district court's jurisdiction to conduct any proceedings following the entry of that anomalous order purporting to dismiss this case. [DS 3] Because that order of dismissal was entirely inconsistent with the procedural posture of the case, with our prior mandate, and also with every action taken by the district court since its entry, this Court twice remanded this case to the district court for a clarification of the record below. [10-10-2018 Order; 12-6-2018 Order] Ultimately, the district court did enter an order concluding that an entry nunc pro tunc would be appropriate to correct the record. [Case No. D-101-CV-2012-02361, 12-13-2018 Order at 3] The district court, however, did not enter an order nunc pro tunc, and instead merely ordered that Plaintiff should prepare such an order. [Id. at 4] As the record below still contained the anomalous order of dismissal and jurisdiction over these matters had already reverted to this Court, we then proposed to grant the relief requested by Defendant in this appeal by reversing the order on appeal. [CN 5] Both parties have filed memoranda in opposition to that proposed disposition. Having duly considered those memoranda, we remain unpersuaded and now reverse.

**{3}**    Plaintiff asserts that the district court has now entered an order nunc pro tunc resolving the issues created by the anomalous dismissal order. [Plaintiff's MIO 4] As pointed out in our calendar notice, however, the jurisdiction necessary to enter that order reverted to this Court upon the expiration of the limited remands by which we explicitly vested jurisdiction in the district court for forty-five days, and then for an additional ten days. [CN 3, 5; 10-10-2018 Order; 12-6-2018 Order] *See* Rule 1-060(A) NMRA (requiring leave of this Court to correct clerical errors in the record once an appeal has been docketed). As a result, we are unpersuaded that the district court's entry of a tardy order nunc pro tunc resolves the issues raised in this appeal. Put simply, in order to correct the record below, the district court must have jurisdiction to correct the record. *Id.* Although this Court twice vested the district court with jurisdiction to address the anomalous dismissal order, that jurisdiction has now reverted to this Court to address the issues raised in this docketed appeal. *Id.* Based upon the current state of the record, and without prejudicing the district court's ability to correct that record on remand, we are now reversing for the reasons explained in our calendar notice.

**{4}**    Defendant also opposes our proposed disposition. In doing so, he continues to argue that an order nunc pro tunc would be inappropriate in the circumstances of this case. [Defendant's MIO 13-14] For the reasons discussed in our calendar notice, we are unpersuaded. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that a party responding to a calendar notice must "specifically point out errors of law and fact," and that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** In addition, Defendant now asserts that the entry of an order nunc pro tunc would be barred by the time limitation contained in Rule 1-060(B)(6). [Defendant's MIO 15-16] That limitation, however, is explicitly applicable only to Subsections (B)(1) through (B)(3) of Rule 1-060, and is not applicable to orders correcting the record, pursuant to Rule 1-060(A). Similarly, because orders nunc pro tunc are intended to make "an entry now, of something which was actually previously done," *Mora v. Martinez*, 1969-NMSC-030, ¶ 3, 80 N.M. 88, 451 P.2d 992, they do not fall within the scope of Rule 1-060(B)(1) through (B)(3) because they do not rely upon a party's mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. Instead, an order nunc pro tunc merely corrects the record to reflect what actually was intended and done, although not properly reflected in the record. *Mora*, 1969-NMSC-030, ¶ 3.

**{6}** Thus, for the reasons stated here and in our calendar notice, we reverse the district court's order confirming the special master's sale of the underlying property and remand this case to the district court for further proceedings consistent with this opinion and our calendar notice.

**{7}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**MEGAN P. DUFFY, Judge**