MAY, J.
 

 The defendant appeals his conviction and sentence for burglary of a dwelling and grand theft. He argues the trial court erred in allowing the fingerprint expert to testify concerning the process employed for matching prints which included verification by another examiner. He also argues the trial court erred in allowing the State to comment on his right to remain silent. We affirm and address only the defendant’s first argument.
 

 The State charged the defendant with burglary and grand theft of a neighbor’s home. The only evidence placing the defendant inside the neighbor’s home was prints taken from a box which had contained a Rolex watch.
 

 During the trial, the fingerprint expert explained how a positive identification was made and confirmed the prints found on the box were those of the defendant.
 

 State: Okay. Now, how many points of identification that your office requires, in other words, for it to be a print?
 

 Witness: Well, again points alone does not make identification. Our department says you have to have at least nine, but that’s just the beginning stages of an i[ Identification].
 

 State: Okay.
 

 Witness: Again, you have to have class characteristic, you have to have the Gal-ton detail and then you have to have what we refer to, if there is any occasional features, which could include such things as flexion creases, warts, scars, all those things. We put all this information together and then you make a decision whether or not this is an identification.
 

 State: Okay.
 

 Witness: It’s a consensus, it’s not just one item. And then we have a second person to make an evaluation. We have two people look at every one of the cases.
 

 Defense counsel lodged two objections: hearsay and lack of personal knowledge. The trial court overruled the objections, indicating that the expert was permitted to testify to the process employed in identifying the defendant’s prints.
 

 The State then asked the expert: “And both people have to agree?” The trial court overruled defense counsel’s objection to improper bolstering and the expert continued.
 

 Witness: Every time we have an identification where we’ve established the
 
 *40
 
 identifying an individual in a crime, we always have two people look at it. State: Okay. Is there anything else you can tell the members of the jury that you noticed on those two prints?
 

 Witness: Basically what I want to tell the jury is that we actually identified the defendant on this latent three times. The number three finger twice and part of the right palm, with the portion of the right palm once. So, there’s three fingerprints on this card that match the defendant.
 

 The jury convicted the defendant and the trial court sentenced him to concurrent terms of ten and five years imprisonment, from which he now appeals.
 

 Relying on
 
 Telfort v. State,
 
 978 So.2d 225 (Fla. 4th DCA 2008), the defendant argues the trial court erred in allowing the fingerprint expert to bolster his fingerprint identification by testifying that another examiner verified his work. We agree, but find the error harmless.
 

 Experts may give their opinion on any disputed issue if they possess specialized knowledge that will assist the jury. §§ 90.702-706, Fla. Stat. (2006). Unlike a lay witness, an expert can rely on “facts or data [that] are of a type reasonably relied upon by experts in the subject to support the opinion expressed.” § 90.704, Fla. Stat. However, “an expert may not testify that the expert formed the opinion by conferring with others in the same field.”
 
 Telfort,
 
 978 So.2d at 226 (citing
 
 Schwarz v. State,
 
 695 So.2d 452 (Fla. 4th DCA 1997)
 
 approved, by Linn v. Fossum,
 
 946 So.2d 1032 (Fla.2006)). Nor may an expert bolster his own opinion on direct examination with that of another expert.
 
 See id.
 

 The issue here is whether a fingerprint expert, who has reached his own independent opinion, may explain the use of a second examiner in the verification process.
 
 Telfort
 
 addressed a similar, but not identical issue. No Florida court has actually considered the precise question presented here.
 
 [1]
 

 In
 
 Telfort,
 
 the issue was whether the expert could testify to his level of certainty about the print’s identification by relying on another examiner’s verification. 978 So.2d at 226. We found error in the admission of the testimony because it constituted improper bolstering.
 
 Id.
 
 at 227. We reach the same conclusion here even though the fingerprint expert did not rely on the second examiner’s identification to
 
 *41
 
 assure his certainty. The State’s question “[a]nd both people have to agree” was a successful attempt to improperly bolster the testifying expert’s opinion.
 

 We find the error harmless however.
 
 Goodwin v. State,
 
 751 So.2d 537 (Fla.1999). “The question is whether there is a reasonable possibility that the error affected the verdict.”
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1139 (Fla.1986). Unlike
 
 Telfort,
 
 there was no dispute that the prints belonged to the defendant. Rather, defense counsel admitted that fact, but argued that the State could not prove when the prints were placed on the box. Thus, the error was harmless.
 

 Affirmed.
 

 WARNER and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Other states have reached differing conclusions.
 
 See, e.g., State v. Smith,
 
 256 Ill.App.3d 610, 195 Ill.Dec. 712, 628 N.E.2d 1176, 1181 (1994) (finding fingerprint technician's testimony that her identification was verified by another technician was hearsay);
 
 State v. Connor,
 
 156 N.H. 544, 937 A.2d 928, 930-32 (2007) (finding fingerprint expert’s testimony regarding another expert’s verification inadmissible, because the verification did not form a basis for the testifying expert's opinion, but was simply a necessary prerequisite to the release of his already formed opinion);
 
 State v. Wicker,
 
 66 Wash.App. 409, 832 P.2d 127, 128-30 (1992) (finding fingerprint expert's testimony that his identification was verified by another technician was inadmissible hearsay);
 
 but see State v. Jones,
 
 322 N.C. 406, 368 S.E.2d 844, 846-49 (1988) (finding trial court properly permitted a fingerprint expert to testify that another expert had checked and concurred with the testifying expert's conclusion, because under the standard procedures followed by the expert he could not have arrived at and testified to his opinion without the verification by the other expert);
 
 State v. Williams,
 
 No. 95CA93, 1996 WL 753216, at *10 (Ohio Ct.App. Dec. 3, 1996) (permitting fingerprint expert's testimony that he had his results verified by another fingerprint expert);
 
 Bell
 
 v.
 
 Slate,
 
 724 S.W.2d 780, 800-01 (Tex. Crim.App.1986) (finding the question of whether the print was verified by another expert was improper, since it is an attempt to bolster the testifying expert's testimony, although such a question would be proper as a predicate to introducing the second technician's analysis).